STATE of Indiana, Appellant–Plaintiff,

v.

Alan Lee BERRYMAN, Appellee–
Defendant.

No. 10A01–0202–CR–76.

Court of Appeals of Indiana.

Sept. 24, 2003.

Jeffrey D. Stonebraker, Chief Public Defender, Jeffersonville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cecelia K. Hemphill, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

The State of Indiana appeals upon two reserved questions of law pursuant to Indiana Code § 35-38-4-2 following the jury's finding that Alan Berryman was not responsible by reason of insanity on the charge of murder. Specifically, the State first argues that the trial court erred in denying the State's motion to exclude the testimony of Berryman's expert witnesses after Berryman refused to speak to the court-appointed expert witnesses. The State also argues that the trial court erred in allowing defense counsel to attend Berryman's evaluations with the court-appointed expert witnesses. Because our supreme court has held that the testimony of a defendant's expert witnesses should not be excluded because of the defendant's refusal to cooperate with court-appointed expert witnesses, we affirm in part. However, because defense counsel's sole stated purpose for attending the evaluations was to advise Berryman not to cooperate with the court-appointed expert witnesses, the trial court erred in allowing counsel to attend the evaluations, and we reverse in part.

### Facts and Procedural History

On November 3, 2001, Berryman approached Keith Krieger and his wife as they were getting into their van at the Green Tree Mall in Clarksville, Indiana. Berryman grabbed Krieger, accused him of trying to "set up" Berryman, and shot him in the neck. Tr. p. 279. Krieger died as a result of the gunshot, and the State charged Berryman with murder.

Shortly thereafter, Berryman filed a Notice of Defense of Mental Disease or Defect and a Motion to Waive Appointment of Experts. In the motion, Berryman explained that he had retained the services of two psychiatrists who would be called at trial to testify concerning his defense. He further explained that he objected to the appointment of court-appointed experts

pursuant to Indiana Code § 35–36–2–2 [1] and asked the court to waive the appointment. Lastly, Berryman advised the court that if it failed to waive such an appointment, upon the advice of counsel, Berryman would refuse to talk to the court-appointed experts. The trial court held a hearing on the motion, declined Berryman's request, and appointed Dr. Rolando Haddad, a psychiatrist, and Dr. Dennis Buchholz, a psychologist, to evaluate Berryman.

Berryman also filed a motion asking the court to allow defense counsel to be present at the evaluations conducted by the court-appointed experts. At a hearing on the motion, defense counsel clarified that he was not asking to be present at the evaluations because there would not be any evaluations. Rather, he wanted to be present at the beginning of the evaluations for the sole purpose of instructing Berryman "not to make any statements whatsoever" to the experts. Tr. p. 58. The trial court granted Berryman's motion over the State's objection.

Berryman and counsel briefly met with court-appointed expert Dr. Haddad on December 28, 2001. Counsel advised Dr. Haddad that he had instructed Berryman not to talk to the doctor. Dr. Haddad responded that Berryman was the one who should tell the doctor if he did not want to see him. A few days later, Dr. Haddad met with Berryman and his counsel again.

Dr. Haddad extended his hand to Berryman, told Berryman that the court had appointed him to evaluate Berryman, and asked Berryman how he was doing. Counsel told Berryman not to answer the doctor's question. Dr. Haddad asked Berryman if he had been instructed not to talk to him, and Berryman nodded his head affirmatively. At that point, Dr. Haddad ended the evaluation.

Berryman and counsel also met with court-appointed expert Dr. Buchholz, who began the evaluation by asking Berryman his name. Berryman shook his head and refused to respond, and counsel told Dr. Buchholz that he had instructed Berryman not to say anything. At that point, Dr. Buchholz ended the evaluation.

Following Berryman's refusal to talk to the court-appointed experts, the State filed a motion to exclude the testimony of Berryman's expert witnesses, both of whom evaluated Berryman and concluded that he was insane at the time of the murder. One day before trial, the trial court asked the State why it had not sought an order compelling Berryman's cooperation with the court-appointed experts. The State responded that it did not need to seek such an order, and the trial court concluded that it would be improper to make such an order on its own. Citing *McCall v. State*, 273 Ind. 682, 408 N.E.2d 1218 (1980), the trial court denied the State's motion and

---

**1.** Indiana Code § 35–36–2–2 provides as follows:

> At the trial of a criminal case in which the defendant intends to interpose the defense of insanity, evidence may be introduced to prove the defendant's sanity or insanity at the time at which the defendant is alleged to have committed the offense charged in the indictment or information. When notice of an insanity defense is filed, the court shall appoint two (2) or three (3) competent disinterested psychiatrists, psychologists endorsed by the state psychology board as health service providers in psychology, or physicians, at least one (1) of whom must be a psychiatrist, to examine the defendant and to testify at the trial. This testimony shall follow the presentation of the evidence for the prosecution and for the defense, including testimony of any medical experts employed by the state or by the defense. The medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such a medical witness.

permitted both of Berryman's expert witnesses to testify at trial. In addition, the court-appointed experts both testified about their encounters with Berryman and his refusal to cooperate with them. The jury found Berryman not responsible by reason of insanity, and the State appeals.

### Discussion and Decision

■ As a preliminary matter, we note that a State's right to appeal from a criminal proceeding is strictly limited to authorization by statute. *State v. Gradison*, 758 N.E.2d 1008, 1010 (Ind.Ct.App.2001). In this case, the State appeals pursuant to Indiana Code § 35–38–4–2(4), which permits an appeal upon a reserved question of law if the defendant is acquitted. *Id.* The purpose of this statute is to permit the State to obtain legal opinions that will provide guidance for lower courts in similar future cases. *Id.* When presented with such appeals, we will only address questions of law. *Id.*

The questions of law in this case are whether the testimony of a defendant's expert witnesses can be excluded if the defendant refuses to cooperate with statutorily required court-appointed experts, and whether defense counsel should be permitted to attend a client's evaluation with a court-appointed expert when counsel's sole stated purpose for attending the evaluation is to advise the client not to cooperate with the expert. We address each of these contentions in turn.

### I. Exclusion of Witnesses

■ The State first contends that the trial court erred in denying its motion to exclude the testimony of Berryman's expert witnesses. However, the trial court in this case correctly noted that *McCall* is dispositive.

In the *McCall* case, McCall was charged with felony murder and premeditated murder. Before trial, he filed a notice of his intent to present an insanity defense, and the trial court appointed two psychiatrists to examine him pursuant to Indiana Code § 35–36–2–2. McCall refused to cooperate with the court-appointed experts, and the State filed a motion to exclude the testimony of McCall's expert witnesses. The trial court granted the motion, and the jury convicted McCall of both counts.

On appeal, McCall argued that the trial court erred in excluding the testimony of his expert witnesses. The State cited *Lee v. County Court of Erie County*, 27 N.Y.2d 432, 318 N.Y.S.2d 705, 267 N.E.2d 452 (1971), *cert. denied*, 404 U.S. 823, 92 S.Ct. 46, 30 L.Ed.2d 50 (1971), in support of the trial court's exclusion of the testimony. Our supreme court analyzed *Lee* and rejected its holding that a defendant's expert testimony should be excluded when the defendant refuses to cooperate with statutorily required court-appointed witnesses. *McCall*, 408 N.E.2d at 1220; *see also* 16B WILLIAM A. KERR, INDIANA PRACTICE § 17.3, at 4 (1998).

Rather, our supreme court found that a defendant's refusal to cooperate might well be a result of the defendant's being insane and therefore should be available for consideration. *McCall*, 408 N.E.2d at 1220. Specifically, the court explained as follows:

Our dissatisfaction with the *Lee* determination is that if a defendant is, in fact, insane or incompetent to stand trial, such an infirmity may just as likely extend to his seemingly irrational refusal to cooperate as to the anti-social conduct that prompted the criminal charges. The problem obviously has no perfect solution, but since the issue of insanity becomes the most vital issue, if not the only one, in such a case and must ultimately be determined by the jury, it seems that the relevant competent evi-

dence should not be precluded, for whatever reason. *Id.*

In *McCall,* the State sought to exclude the experts without seeking an order requiring McCall to cooperate with the court-appointed experts or face the sanction of exclusion of his evidence. In reaching its decision, our supreme court noted that McCall was not advised that the testimony of his expert witnesses could be excluded if he failed to cooperate with the court-appointed experts and given the opportunity to "reassess the propriety of his conduct." *Id.* at 1221. On the other hand, the court concluded that the State would have the right to offer evidence of the defendant's refusal to cooperate with the court-appointed experts in order to impeach his insanity defense. *Id.* The court also stated that an instruction that such evidence "could be considered upon the issue of the defendant's sanity or insanity" might also be helpful. *Id.*

■ Likewise, Berryman was under no duty to cooperate or face the sanction of exclusion of evidence absent an order from the trial court.[2] In addition, he was not told that the testimony of his expert witnesses could be excluded if he failed to cooperate with the court-appointed experts. The trial court asked the State why it had not sought an order compelling Berryman's cooperation with the court-appointed experts, and the State responded that it did not need to seek such an order, and the trial court concluded that it would be improper to make such an order on its own motion. Had there been such an order compelling Berryman's cooperation, and a hearing advising him that the testimony of his experts could be excluded if he failed to cooperate with the court-appointed experts, the result in this case may have been different.[3]

We further note that here, as in *McCall,* the State had the right to offer evidence of Berryman's refusal to cooperate with the court-appointed experts. In addition, the trial court advised the State that it would, if requested, instruct the jury that evidence of Berryman's uncooperative conduct could be considered upon the issue of Berryman's sanity. The State apparently made no such request. Pursuant to *McCall,* the trial court did not err in denying the State's motion to exclude the testimony of Berryman's expert witnesses.

## II. Presence of Defense Counsel at Psychiatric Evaluations

■ The State also argues that the trial court erred in allowing defense counsel to attend Berryman's evaluations with the court-appointed experts where counsel's sole stated purpose was to instruct Berryman not to cooperate with the experts. We agree.

■ A defendant has no right to counsel at an examination conducted by a court-appointed expert because such an examination is not a critical stage of the proceeding to which the assistance of counsel

---

**2.** The dissent claims there was a statutory mandate for the defendant to cooperate with the experts. While Indiana Code § 35–36–2–2 requires the court to appoint experts and the experts to testify, the statute places no obligation on the defendant to cooperate.

**3.** We appreciate the dissent's concern that defense counsel may advise the defendant to stonewall the court-appointed experts. But a mechanism to deter a defendant from refusing to cooperate exists under our discovery rules. *See, e.g.,* Ind. Trial Rules 35 and 37(B)(2)(b) (authorizing the court to sanction a party with the exclusion of evidence when a party fails to comply with an order of the court); *see also State v. Hutchinson,* 135 Wash.2d 863, 959 P.2d 1061 (1998), *reconsideration denied, cert. denied,* 525 U.S. 1157, 119 S.Ct. 1065, 143 L.Ed.2d 69 (1999).

guarantee applies. *Williams v. State*, 555 N.E.2d 133, 136 (Ind.1990). Further, "[f]air competition in the adversary system is secured by prohibitions against ... obstructive tactics in discovery procedure...." Comment to Rule 3.4 of the *Rules of Professional Conduct.*

Advising a client not to cooperate with a court-appointed expert is an "obstructive tactic," which should be prohibited. Therefore, where counsel's sole stated purpose for attending a client's evaluation with a court-appointed expert is to advise his client not to cooperate with the expert, counsel should not be allowed to attend the evaluation. Accordingly, the trial court erred in allowing defense counsel to attend Berryman's evaluations.

■ Nevertheless, we must decline the State's request that we remand this case to the trial court for a new trial. Because Berryman was acquitted, Fifth Amendment double jeopardy principles bar a second trial. *See State v. Goodrich*, 504 N.E.2d 1023, 1024 (Ind.1987).

Judgment affirmed in part and reversed in part.

ROBB, J., concurs.

FRIEDLANDER, J., dissents with separate opinion.

FRIEDLANDER, Judge, dissenting.

I agree that the trial court erred in permitting defense counsel to attend Berryman's evaluations with court appointed experts, and I agree that double-jeopardy principles prevent retrial. I cannot agree, however, that the trial court correctly denied the State's motion to exclude Berryman's expert witnesses. Therefore, I respectfully dissent on that issue.

The majority concludes that *McCall v. State*, 273 Ind. 682, 408 N.E.2d 1218 (1980) compels the conclusion that a defendant who refuses to comply with the statutory scheme for interposing an insanity defense must nevertheless be allowed to offer expert opinion in support of that defense. It is true that our supreme court ruled in that case that such evidence should have been allowed even though the defendant did not cooperate with the State's expert. To say that *McCall* established a rule requiring that the defendant must be allowed to offer this evidence in *all* cases where the defendant refused to cooperate, however, paints with too broad a brush.

The essence of the rationale for the court's ruling in *McCall* is best summed up in the following: "The right of the trial court to impose sanctions to enforce compliance with orderly procedures is not questioned. But, due process of law simply cannot tolerate a procedure that imposes sanctions that cut out the very heart of a legally acceptable defense, for conduct, the accountability for which is closely aligned with the central issue at trial." *Id.* at 1220. The court went on to clarify that the conduct in question was the defendant's "seemingly irrational refusal to cooperate" with the State's expert. *Id.* As I interpret the record, Berryman's refusal to cooperate is not even arguably based in irrationality. To the contrary, Berryman was quite lucid and he made it clear that the basis of his refusal was tactical—he would not cooperate with the State's expert because his counsel had instructed him not to do so. Whatever we may think of counsel's decision from a tactical viewpoint, it cannot seriously be argued that the effect of this approach was to thwart the will of the legislature.

In Ind.Code Ann. § 35–36–2–1 *et seq.* (West 1998), the Indiana General Assembly authorized the defense of insanity. The statutory scheme devised by the legislature, however, requires that a defendant seeking to offer the defense must follow

certain procedures. One of those required procedures is that the defendant must submit to a psychological evaluation by the State's expert. I am at a loss to understand why a defendant should be permitted to interpose the defense when he rationally and calculatedly opts to flaunt the rules governing that process. Again, this is not a situation like that in *McCall,* where the failure to cooperate was arguably a result of the defendant's claimed insanity. Rather, Berryman followed specific instructions in making his decision and in so doing accomplished what defense counsel surely intended—he severely hampered the State's ability to rebut the insanity plea. Judging by the results here, I would say the tactic is an effective one. And, based on today's ruling, I cannot imagine why, from this time forward, any defense counsel would *not* advise his client to stonewall the State's experts when the insanity defense is raised. I would not create a rule whose primary effect is to incentivize the willful disregard of a statutory mandate, in clear contravention of legislative intent. Therefore, I respectfully dissent from Issue 1 of the majority's opinion.