### In re The COMMITMENT OF Alan Lee BERRYMAN.

**Alan Lee Berryman, Appellant–Respondent,**

v.

**State of Indiana, Appellee–Petitioner.**

No. 10A05–0302–CV–86.

Court of Appeals of Indiana.

Oct. 23, 2003.

Bruce A. Brightwell, Louisville, KY, Bart M. Betteau, New Albany, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant-respondent Alan Lee Berryman ("Berryman") appeals the trial court's order allowing the State of Indiana ("State") to disseminate quarterly reviews of his mental health records to Teresa Krieger ("Krieger"). We reverse.

### Issue

Berryman raises one issue, which we restate as whether the trial court erred by permitting the State to disseminate his confidential mental health records to Krieger.

### Facts and Procedural History

In an unrelated appeal of the present case, we recited the relevant facts as follows:

> On November 3, 2001, Berryman approached Keith Krieger [Keith] and his wife[1] as they were getting into their van at the Green Tree Mall in Clarksville, Indiana. Berryman grabbed [Keith,] accused him of trying to set up Berryman, and shot him in the neck. [Keith] died as a result of the gunshot, and the State charged Berryman with murder.

*State v. Berryman,* 796 N.E.2d 741, 742 (Ind.Ct.App.2003) (internal citations omit-

---

1. The record in the unrelated appeal refers to Keith's wife as "Terri Krieger." However, the record here refers to Keith's wife as "Teresa Krieger."

ted). After a trial on the merits, the jury found Berryman not responsible by reason of insanity. *Id.* at 743–44.

On January 23, 2002, the State filed a petition for involuntary commitment of Berryman in the trial court, which it amended on February 11, 2002.[2] On February 19, 2002, the trial court granted the petition and committed Berryman to a state hospital, i.e., Logansport State Hospital, for a regular commitment pursuant to Indiana Code Section 12–26–7.[3] The commitment order required the superintendent of Logansport State Hospital or Berryman's attending physician to provide the State, i.e., the Petitioner, with twenty-days notice of Berryman's discharge and with any reviews of Berryman's care and treatment under Indiana Code Section 12–26–15–1.[4] The trial court also ordered the superintendent or the attending physician to file quarterly reviews of Berryman's treatment with the trial court and to provide notice to the State of those reviews.[5] On November 26, 2001, the trial court entered an amended commitment order, which provided that notice of Berryman's discharge, pursuant to Indiana Code Section 12–26–12–1, be given to Krieger.

On October 18, 2002, the State filed a motion with the trial court, requesting permission to disseminate the quarterly reviews to Keith's family. Over Berryman's objection, the trial court granted the State's motion and decreed that the "Quar-

terly Reviews previously ordered furnished to the [trial court] and the [State,] may be disseminated by the [State] to [Krieger] immediately upon receipt." Appellant's App. at 6. It is from this order that Berryman now appeals.

**Discussion and Decision**

**I. Standard of Review**

The sole issue presented on appeal is whether the trial court erroneously permitted the State to disseminate Berryman's quarterly reviews, which contained confidential mental health records, to Krieger, i.e., a third party. Resolution of this issue requires us to interpret mental health statutes. We review the construction of statutes de novo, giving no deference to the trial court's interpretation. *Hochstedler v. St. Joseph County Solid Waste Mgmt. Dist.,* 770 N.E.2d 910, 914 (Ind.Ct.App.2002), *trans. denied.* Our goal is to ascertain the intent of the legislature by giving effect to the language that was used. *Id.* "Accordingly, if the language of a statute is clear and unambiguous, it is not subject to judicial interpretation." *Id.*

**II. Analysis**

Berryman argues that the trial court erred by allowing the State to disseminate his quarterly reviews to Krieger because such reviews contained confidential mental

---

2. Indiana Code Section 35–36–2–4 provides, in part, as follows:

   Whenever a defendant is found not responsible by reason of insanity at the time of the crime, the prosecuting attorney shall file a written petition with the court under IC 12–26–6–2(a)(3) or under IC 12–26–7.... If a petition is filed under IC 12–26–7, the court shall hold a commitment hearing under IC 12–26–7.

3. An involuntary commitment for a period to exceed ninety days is a "regular" commit-

   ment. *See* Ind.Code § 12–26–7. In contrast, an involuntary commitment for a period of less than ninety days is a "temporary" commitment. *See* Ind.Code § 12–26–6.

4. The record before us does not contain the trial court's commitment order. Instead, we discern this information from the State's Motion for Dissemination of Quarterly Reviews by the Prosecuting Attorney to the Family of the Victim.

5. *See supra* note 3.

health records. In pertinent part, the trial court's dissemination order provides that:

> The [trial court] entered an Amended Order of Involuntary Commitment on November 26, 2001 that specifically provided notice of discharge to the surviving spouse of [Keith,] pursuant to I.C. 12–26–12–1. By mere operation of law, the superintendent or the attending physician *shall give notice of the review* of [Berryman's] care and treatment to [Krieger.] I.C. 12–26–15–1(b).
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion for Dissemination of Quarterly Reviews by the [State] to [Krieger] filed by the Petitioner, is hereby granted, and *Quarterly Reviews previously ordered furnished to the [trial court] and to the [State,] may be disseminated by the [State] to [Krieger]* immediately upon receipt.

Appellant's App. at 6 (emphasis added).

The trial court based its dissemination order upon Indiana Code Sections 12–26–12–1 and 12–16–15–1(b). Indiana Code Section 12–26–12–1 provides, in part, as follows:

(a) Except as provided in subsection (c), a court that orders a commitment may order the superintendent to notify the petitioner in the commitment proceeding and other person designated by the court that the committed individual will be discharged.

(b) The notice required under subsection (a) shall be given to the petitioner and other person designated by the court at least twenty (20) days before the end of the commitment period.

Moreover, Indiana Code Section 12–26–15–1 provides that:

(a) At least annually, and more often if directed by the court, the superinten-

dent of the facility or the attending physician including the superintendent or attending physician of an outpatient therapy program, shall file with the court a review of the individual's care and treatment. The review must contain a statement of the following:

(b) If the court has entered an order under IC 12–26–12–1, the superintendent or the attending physician shall give notice of the review to the petitioner in the individual's commitment proceeding and other persons that were designated by the court under IC 12–26–12–1.

(1) The mental condition of the individual.

(2) Whether the individual is dangerous or gravely disabled.

(3) Whether the individual:

(A) needs to remain in the facility; or

(B) may be cared for under a guardianship.

■ Whether these statutes, read together, permit the dissemination of a patient's mental health records is a question of first impression in Indiana. Initially, we observe that the trial court's dissemination order does not make a distinction between "notice of the review," under Indiana Code Section 12–26–15–1, and the review itself. However, Indiana Code Section 12–26–15–1 clearly distinguishes between the review, which is filed with the trial court, and the notice of the review, which is given to the petitioner and other persons designated by the trial court. Accordingly, pursuant to Indiana Code Section 12–26–15–1, the State, as petitioner, and Krieger, as a person designated by the trial court, are only entitled to receive notice that the quarterly review of Berryman's care and treatment was conducted according to the trial court's order as prescribed by Indiana Code Section 12–26–

15-1(a). The quarterly reviews themselves, which likely contain confidential mental health records, without more, are not to be disclosed. Thus, to the extent that the trial court's dissemination order permits the State and Krieger to receive quarterly reviews of Berryman's mental health treatment, purportedly based upon Indiana Code Section 12-26-15-1, it is erroneous.[6]

■ However, we note that a trial court may order the disclosure of mental health records in limited circumstances. Generally, mental health records are confidential, but this confidentiality is not absolute. *See, e.g.,* 56 C.J.S. *Mental Health* § 17 (1992). Indiana Code Section 16-39-2, which applies only to mental health records, provides that: "A patient's mental health record is confidential and shall be disclosed only with the consent of the patient unless otherwise provided" by statute. *See* IND.CODE §§ 16-39-2-1 and -3.[7] Indiana Code Section 16-39-2-6(a)(14) provides that "[w]ithout the consent of the patient, the patient's mental health record may only be disclosed . . . [u]nder a court order under IC 16-39-3."

■ Indiana Code Section 16-39-3-3(2)[8] provides that:

A person . . . who has filed or is a party to a legal proceeding and who seeks access to a patient's mental health record without the patient's written consent . . . may file a petition in a circuit or superior court requesting a release of the patient's mental health record.

Procedurally, the trial court is then required to conduct a hearing on the petition for the release of mental health records. *See* IND.CODE § 16-39-3-4. Indiana Code Section 16-39-3-7 provides that

At the conclusion of the hearing, the court may order the release of the patient's mental health record if the court finds by a preponderance of the evidence that:

(1) other reasonable methods of obtaining the information are not available or would not be effective; and

(2) the need for disclosure outweighs the potential harm to the patient. In weighing the potential harm to the patient, the court shall consider the impact of disclosure on the provider-

6. In his appellant's brief, Berryman maintains that "the disclosure of Berryman's quarterly reviews to the [State] are proper." Appellant's Br. at 7. We have found no authority supporting this proposition. Rather, the mental health statutes clearly provide that the State is entitled to receive notice of the quarterly reviews. However, we note that Berryman has not appealed the trial court's commitment order, which permitted the superintendent or the attending physician to provide the quarterly reviews to the State. To the extent that the State receives these quarterly reviews, it is still bound by the statutory provisions regarding confidentiality of mental health records.

7. In addition, mental health records are not discoverable or admissible in any legal proceeding without the consent of the patient unless the trial court orders the release of the patient's mental health record without the

patient's consent upon the showing of good cause following a hearing under Indiana Code Section 16-39-3 or in a proceeding under Indiana Code Sections 31-30 through 31-40. *See* IND CODE §§ 16-39-2-7 to -8.

8. The State argues that Indiana Code Section 16-39-3 is inapplicable to the present controversy because it did not arise out of an investigation or a legal proceeding. We observe that a petition for involuntary commitment is a legal proceeding. As such, Indiana Code Section 16-39-3 is applicable to the present dispute. *See, e.g., In Matter of the Commitment of GPH v. Giles*, 578 N.E.2d 729, 738 (Ind.Ct.App.1991) (noting that in involuntary commitment proceeding, court properly allowed physician to have access to patient's medical records under Indiana Code Section 16-4-5-3.1, now, Indiana Code Section 16-39-2-1).

patient privilege and the patient's rehabilitative process.

In the event that the trial court authorizes the release of a patient's mental health records, in the absence of the patient's consent, the trial court must

(1) Limit disclosure to those parts of the patient's record that are essential to fulfill the objective of the order.

(2) Limit disclosure to those persons whose need for information is the basis of the order.

(3) Include other measures necessary to limit disclosure for the protection of the patient, the provider-patient privilege, and the rehabilitative process.

IND.CODE § 16–39–3–9.

In the present case, even assuming that the trial court intended to provide Krieger with the quarterly reviews of Berryman's mental health treatment, as opposed to the mere notice that such reviews took place, the dissemination order is deficient. First, Krieger, i.e., the person seeking access to Berryman's mental health records, did not file a petition with the trial court requesting the release of the mental health records. *See* IND.CODE § 16–39–3–3(2). Second, the trial court failed to find that other reasonable methods of obtaining Berryman's mental health information were unavailable or ineffective and that Krieger's need for the disclosure outweighs the potential harm to Berryman emanating from such disclosure. *See* IND.CODE § 16–39–3–4. Lastly, the trial court's dissemination order does not limit the records to be disclosed or include other measures necessary to limit disclosure for the protection of Berryman. *See* IND.CODE § 16–39–3–9.

For the foregoing reasons, we reverse the trial court's order permitting the State to receive and disseminate quarterly re-

views of Berryman's mental health records to Krieger.

Reversed.

KIRSCH, J., and VAIDIK, J., concur.