STATE of Indiana, Appellant,

v.

Alan Lee BERRYMAN, Appellee.

No. 10S01–0401–CR–15.

Supreme Court of Indiana.

Jan. 9, 2004.

Steve Carter, Cecelia K. Hemphill, Indianapolis, IN, Attorneys for Appellant.

Jeffrey D. Stonebraker, Jeffersonville, IN, Attorney for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 10A01–0202–CR–76

PER CURIAM.

The State of Indiana appealed two reserved questions of law pursuant to Indiana Code § 35–38–4–2 following a jury's finding that Alan Lee Berryman was not responsible by reason of insanity on the charge of murder. The Indiana Court of Appeals affirmed in part and reversed in part. *State v. Berryman*, 796 N.E.2d 741 (Ind.Ct.App.2003). The State filed a petition seeking transfer of jurisdiction over the appeal to this Court.

The State claimed the trial court erred in denying the prosecutor's motion to exclude the testimony of Berryman's expert witnesses. In finding no error, the Court of Appeals discussed the significance of the fact that the prosecutor did not seek an order compelling Berryman to cooperate with court-appointed mental health experts. *Id.* at 744–45. The court stated, "Had there been such an order compelling Berryman's cooperation, and a hearing advising him that the testimony of his ex-

perts could be excluded if he failed to cooperate with the court-appointed experts, the result in this case may have been different." *Id.* at 745.

Pursuant to Ind. Appellate Rule 58(A), we grant the State's petition seeking transfer of jurisdiction and modify the previously quoted statement to read as follows: "Had there been such an order compelling Berryman's cooperation, and a hearing advising him that the testimony of his experts could be excluded if he failed to cooperate with the court-appointed experts, the State would have prevailed on this issue." In all other respects, we summarily affirm the opinion of the Court of Appeals.

All Justices concur except DICKSON, J., who agrees with the dissent of FRIEDLANDER, J., reported at 796 N.E.2d at 746, and dissents from this opinion on that basis.