# FOR PUBLICATION



**FILED**

Nov 13 2014, 8:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HARRY J. FALK**
Bower & Falk
Kentland, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS L. ESMOND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 56A05-1404-CR-163 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NEWTON SUPERIOR COURT
The Honorable Daniel J. Molter, Judge
Cause No. 56D01-1212-FA-10

**November 13, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Thomas L. Esmond ("Esmond") brings this interlocutory appeal from the order of the Newton Superior Court requiring him to undergo a psychiatric evaluation by the State's mental health expert without the presence of counsel. Because the Indiana Supreme Court has held that a defendant who raises an insanity defense has no right to the presence of counsel during a psychiatric examination, we affirm.

## Facts and Procedural History

According to the charging information, on December 18, 2012, Esmond stabbed an eight-year-old boy in the chest and arms at a home in Kentland, Indiana. When the police arrived at the scene, Esmond refused to comply with their commands, told the officers to shoot him, and approached the police in an aggressive manner. The police used an electronic stun gun to subdue Esmond. Two days later, the State charged Esmond with Class A felony attempted murder, Class C felony battery, and Class A misdemeanor resisting law enforcement.

On March 20, 2013, the trial court granted the request of Esmond's appointed counsel that Esmond be evaluated by a psychiatric expert for purposes of determining Esmond's sanity. Esmond was then examined by psychiatrist Dr. David Crane, who subsequently determined that Esmond was insane at the time of the stabbings. On June 19, 2013, Esmond filed a notice of his defense of not guilty by reason of insanity. Accordingly, the trial court appointed two disinterested psychiatrists, Dr. Rebecca

Mueller and Dr. John Yarling, to examine Esmond.[1] Both court-appointed psychiatrists also opined that Esmond was insane at the time of the stabbing.

On February 25, 2014, Esmond's counsel filed a motion to have Esmond examined to determine his competency to stand trial, citing the report of Esmond's expert that Esmond could not cooperate with his counsel in his defense. That same day, the State filed a motion seeking to have Esmond evaluated by the State's psychiatric expert outside the presence of Esmond's counsel. The following day, the State filed a motion to compel Esmond to cooperate with its psychiatric expert. The trial court granted the State's motion on March 7, 2014.[2]

On March 19, 2014, Esmond filed an objection to the State's motion to compel him to cooperate with the State's psychiatric expert. On March 26, 2014, the trial court held a hearing on Esmond's objection and entered an order stating:

> the Court finds the Defendant having asserted his insanity defense waived his right to presence of counsel at an examination by the State of Indiana's mental health expert to determine the Defendant's insanity at the time of commission of the offense.

Appellant's App. p. 149. The trial court then certified its order for interlocutory appeal. Esmond moved this court to accept interlocutory jurisdiction on April 14, 2014, which we accepted on May 16, 2014. This appeal ensued.

---

[1] See Ind. Code § 35-36-2-2(b) (providing that, when a notice of insanity defense has been filed in a non-homicide case, the trial court "shall appoint two (2) or three (3) competent disinterested: (1) psychiatrists; psychologists endorsed by the state psychology board as health service providers in psychology; or (3) physicians; who have expertise in determining insanity.").

[2] On March 14, 2014, the trial court committed Esmond to the custody of the Division of Mental Health, a division of the Indiana Family and Social Services Administration, in order to determine if there was a substantial probability that Esmond could be treated sufficient to comprehend the criminal proceedings against him.

**Discussion and Decision**

Esmond claims that the order of the trial court requiring him to submit to a psychiatric evaluation by the State's expert without the presence of his counsel constitutes a violation of his right to counsel as guaranteed by the Sixth Amendment to the federal Constitution and Article 1, Section 13 of the Indiana Constitution. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, *and to have the assistance of counsel for his defense.*

Article 1, Section 13 similarly provides:

> (a) In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; *to be heard by himself and counsel*; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor.

(emphases added).

We have noted before that Section 13 affords Hoosiers greater protection than its federal counterpart. Hall v. State, 870 N.E.2d 449, 460-61 (Ind. Ct. App. 2007) (citing Malinski v. State, 794 N.E.2d 1071, 1078-79 (Ind. 2003)).[3] But both constitutional provisions guarantee the right to counsel at any "critical stage" of the prosecution where the absence of counsel might derogate from the accused's right to a fair trial. Id. (citing

---

[3] "For example, the rights afforded under Section 13 also attach prior to the filing of formal charges against the defendant." Id.

4

Koehler v. State, 499 N.E.2d 196, 198 (Ind. 1986); United States v. Wade, 388 U.S. 218, 228 (1967)). The right to counsel may be waived if such waiver is done knowingly, intelligently, and voluntarily. Id. (citing Faretta v. California, 422 U.S. 806, 835 (1975)). Although Esmond cites Article 1, Section 13, he sets forth no cognizable argument that our analysis under this provision should be any different from that under the Sixth Amendment. Accordingly, we address the right to counsel under both constitutional provisions using the same analysis.

Esmond claims that being examined by the State's psychiatric expert is a "critical stage" at which he has the right to counsel. "[T]he proper test for determining whether a particular proceeding is a 'critical stage,' to which the assistance of counsel guarantee applies, is whether the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities." Williams v. State, 555 N.E.2d 133, 136 (Ind. 1990).

In Williams, the defendant claimed a right to the presence of counsel when being examined by court-appointed psychiatrists after presenting an insanity defense. Our supreme court wrote:

> A psychiatric examination involves no "intricacies of the law." Because the examiner, appointed by the trial court, under Ind. Code § 35-36-2-2, is disinterested, the defendant is thus not facing his adversary in such an examination. The defendant was not entitled to the presence of his counsel during the psychiatric examinations.

Id. Esmond acknowledges the holding in Williams but attempts to distinguish it from the present case by noting that he is claiming the right to counsel during an examination by

the *State's* psychiatric expert, not the disinterested court-appointed psychiatric expert at issue in Williams.

Our supreme court addressed this issue in Taylor v. State, 659 N.E.2d 535 (Ind. 1995). In that case, the defendant was charged with murder and presented an insanity defense. The two court-appointed psychiatric examiners determined that "Taylor could understand the proceedings and assist in his defense and that he probably understood right from wrong on the night of the shooting." Id. at 539. "The State . . . had Taylor examined by a psychiatrist . . . who testified that Taylor's descriptions of the night of the shooting revealed that he did know right from wrong." Id. at 540. Taylor presented the testimony of several experts who disagreed with the opinions of the State's expert. Id. at 539-40.

On appeal, Taylor claimed that his examination by the State's expert violated his right to remain silent under the Fifth Amendment and his right to counsel under the Sixth Amendment. Our supreme court rejected both claims. With regard to Taylor's claim regarding his right to counsel, the court noted that a defendant is entitled only to "the opportunity to consult with counsel before submitting to a psychiatric examination by the State." Id. at 541 (citing Estelle v. Smith, 451 U.S. 454, 471 (1981)). And defense counsel must be informed of the scope and nature of the examination. Id. (citing Buchanan v. Kentucky, 483 U.S. 402, 424 (1987)). But when the defendant raises a defense of insanity, "counsel is on notice that the State may examine the defendant and that the results of that examination may be used to rebut the insanity claim. So long as

6

the testimony of the State's physician goes to the mental capacity of the defendant, *the requirements of the Sixth Amendment have been satisfied*." Id. (emphasis added).

"The justification for permitting the State's examination is the maintenance of a fair state-individual balance. *The defendant may not plead insanity and then prevent the State from gathering reliable evidence bearing on that issue*." Id. (emphasis added) (citations and quotations omitted). "When a defendant asserts the insanity defense and introduces supporting psychiatric testimony, his silence may deprive the State of the only effective means it has of controverting his proof on an issue that he interjected into the case." Estelle, 451 U.S. at 465 (quoted in Taylor, 659 N.E.2d at 541).

That having been said, the State may not use a defendant's statements during such an examination to demonstrate his guilt. Id.

> As we have explained, the purpose of the exam is to evaluate the defendant's mental health, not to gather further evidence of guilt. The focus of the examination must be the defendant's mental health, and the physician's trial testimony must remain similarly focused.

Id. Accordingly, the State may not misuse its access to the defendant during a psychiatric evaluation by attempting to prove the defendant's guilt through the testimony of its physician. Id. If the trial court determines that the State is abusing this opportunity by using the defendant's statements during the examination to demonstrate his guilt, the court "should not hesitate to exclude such statements." Id. In cases where the defendant makes statements probative of his sanity at the time of the crime and also incriminating, such statements may be admitted, at the sound discretion of the trial court, if the prejudice to the defendant does not substantially outweigh its probative value. Id.

7

Per <u>Taylor</u>,[4] so long as Esmond's counsel was informed of the scope and nature of the psychiatric examination, Esmond was entitled only to the opportunity to consult with his counsel before submitting to a psychiatric evaluation by the State. 659 N.E.2d at 541. Here, when Esmond raised his defense of insanity, his counsel was on notice that the State may examine Esmond to rebut the insanity claim. <u>See</u> <u>id</u>. So long as the testimony of the State's psychiatric expert goes to Esmond's mental capacity, and not his guilt, there is no violation of Esmond's right to counsel. <u>See</u> <u>id</u>. Accordingly, we conclude that the trial court did not err in ordering Esmond to undergo a psychiatric evaluation by the State's expert without the presence of his counsel, with the caveat that the State's psychiatric expert may testify only as to Esmond's mental heath, not his guilt.

Still, Esmond claims that <u>State v. Berryman</u>, 796 N.E.2d 741 (Ind. Ct. App. 2003), holds that an examination by a psychiatric expert might be a "critical stage" if the State moves for an order to compel the defendant's cooperation with such an expert. Esmond misreads the holding of <u>Berryman</u>.

In <u>Berryman</u>, the defendant was charged with murder and raised an insanity defense. The trial court permitted defense counsel to be present during the examination of the defendant by the court-appointed psychiatric experts. During the examination, defense counsel advised Berryman not to speak with the experts. The State then moved to exclude the testimony of Berryman's experts. The trial court denied the motions on grounds that the State should have filed a motion to compel Berryman to cooperate with

---

[4] Although the <u>Taylor</u> court addressed the defendant's claims in terms of the Sixth Amendment right to counsel, we see no reason to come to a different conclusion under Article 1, Section 13 of the Indiana Constitution.

the court-appointed experts. At trial, Berryman's experts testified that he was insane at the time of the murder, and the court-appointed experts testified that Berryman had refused to cooperate with them. The jury found Berryman not guilty by reason of insanity, and the State appealed.

On appeal, the State argued that the trial court should have excluded the testimony of Berryman's expert witnesses. We disagreed and noted that Berryman was under no duty to cooperate with the experts absent an order from the trial court, which the State had not sought. Berryman, 796 N.E.2d at 745. We further noted that "[h]ad there been such an order compelling Berryman's cooperation, and a hearing advising him that the testimony of his experts could be excluded if he failed to cooperate with the court-appointed experts, the result in this case may have been different." Id. Our supreme court granted transfer and wrote:

> [W]e . . . modify the previously quoted statement to read as follows: "Had there been such an order compelling Berryman's cooperation, and a hearing advising him that the testimony of his experts could be excluded if he failed to cooperate with the court-appointed experts, *the State would have prevailed on this issue*." In all other respects, we summarily affirm the opinion of the Court of Appeals.

State v. Berryman, 801 N.E.2d 170, 170 (Ind. 2004) (emphasis added).

Thus, Berryman does not hold that a court order compelling the defendant to submit to a psychiatric examination transforms the examination into a "critical stage" of the prosecution with a right to the presence of counsel.[5] Instead, it stands for the

---

[5] Indeed, Berryman also held that the trial court erred in permitting defense counsel to be present at the examination by the court-appointed experts:

9

proposition that, if a defendant refuses to cooperate with a court-appointed psychiatric expert, the State should seek an order from the trial court compelling the defendant's cooperation. Thereafter, if the defendant still refuses to cooperate after being warned that his continued refusal could result in the exclusion of the testimony of his psychiatric experts, then the trial court should so exclude the testimony of the defendant's experts. In short, Berryman provides no support for Esmond's appellate claims.

**Conclusion**

The trial court did not err in ordering Esmond to undergo an evaluation by the State's psychiatric expert without the presence of counsel. By raising an insanity defense, Esmond's counsel was put on notice that the State could examine Esmond to rebut the insanity claim. So long as the testimony of the State's expert goes to Esmond's mental capacity at the time of the crime and as it pertains to his ability to understand the charges and assist his counsel, and not to his guilt, Esmond has no right to the presence of counsel during the examination under either the Sixth Amendment or Article 1, Section 13.

Affirmed.

Riley, J., concurs.

Crone, J., concurs with separate opinion.

---

A defendant has no right to counsel at an examination conducted by a court-appointed expert because such an examination is not a critical stage of the proceeding to which the assistance of counsel guarantee applies.

Advising a client not to cooperate with a court-appointed expert is an "obstructive tactic," which should be prohibited. Therefore, where counsel's sole stated purpose for attending a client's evaluation with a court-appointed expert is to advise his client not to cooperate with the expert, counsel should not be allowed to attend the evaluation. Accordingly, the trial court erred in allowing defense counsel to attend Berryman's evaluations.

Berryman, 796 N.E.2d at 745-46 (citing Williams, 555 N.E.2d at 136).

10

# IN THE
# COURT OF APPEALS OF INDIANA

THOMAS L. ESMOND,        )
                                 )
    Appellant-Defendant,    )
                                 )
       vs.                  )     No. 56A05-1404-CR-163
                                 )
STATE OF INDIANA,       )
                                 )
    Appellee-Plaintiff.     )

**CRONE, Judge, concurring**

In *Williams*, our supreme court held that the psychiatric examination of a criminal defendant by a court-appointed expert is not a critical stage of the proceedings and therefore does not trigger the defendant's Sixth Amendment right to the assistance of counsel. *See* 555 N.E.2d at 136 ("[T]he proper test for determining whether a particular proceeding is a 'critical stage,' to which the assistance of counsel guarantee applies, is whether the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities. A psychiatric examination involves no 'intricacies of the law.' Because the examiner, appointed by the trial court … is disinterested, the defendant is thus not facing his adversary in such an examination."). In *Taylor*, the court was not squarely presented with the issue of whether the psychiatric examination of a criminal defendant by the State's expert is a critical stage of the

11

proceedings, but the court's analysis appears to presume that it is not. *See* 659 N.E.2d at 541 ("A defendant is entitled to the opportunity to consult with counsel *before* submitting to a psychiatric examination by the State.") (emphasis added).[6] Because *Williams* and *Taylor* effectively compel the result reached by my colleagues, I reluctantly concur. I write separately to express my reservations about this result in light of the facts of this case and to invite our supreme court to consider the issue anew.

After Esmond was charged with attempted murder and other crimes, he was examined by his own expert and two court-appointed experts, all of whom determined that he was insane at the time of the stabbing. On February 25, 2014, the State filed a motion seeking to have Esmond examined by the State's psychiatric expert, Dr. Masbaum, outside the presence of Esmond's counsel. The next day, the State filed a motion to compel Esmond to cooperate with Dr. Masbaum, which the trial court granted. At a hearing on March 14, 2014, both Esmond's counsel and the State stipulated that Esmond was incompetent to stand trial and unable to assist in his defense. On March 19, 2014, Esmond filed an objection to the State's motion to compel. On March 26, 2014, the trial court held a hearing on Esmond's objection and ruled that by asserting an insanity defense, Esmond waived his right to the assistance of counsel at Dr. Masbaum's examination. If the defendant is incompetent to stand trial, how in the world can he be expected to accurately relate what occurred during an examination by the State's expert

---

[6] Unlike Esmond, Taylor did not assert that counsel should have been present during the examination. Instead, he complained that "the defense was not notified that [the] examination would touch on the events surrounding the crime itself and that the [examiner] would testify concerning Taylor's statements about the [crime]." 659 N.E.2d at 540-41.

to his attorney?  Without being present or having the benefit of a recording of the examination, defense counsel would be forced to wade into cross-examination blind.  I fail to see how the interests of justice are promoted by such a procedure.

Based on the parties' stipulation, the trial court stayed "the proceedings in this cause[,]" *id*., including, presumably, Esmond's examination by Dr. Masbaum.  Even if Esmond's mental condition improves and the stay is ultimately lifted, it is doubtful whether his counsel will be able to effectively cross-examine Dr. Masbaum about the examination.  At the very least, Esmond's counsel could seek – and should be granted – an opportunity to record the examination to protect Esmond's Sixth Amendment right to confront the witnesses against him.  *See* Ind. Trial Rule 26(C) (authorizing trial court to make an order, upon motion by any party, "that the discovery may be had only on specified terms and conditions"); *Jacob v. Chaplin*, 639 N.E.2d 1010, 1013 (Ind. 1994) (finding no abuse of discretion in allowing personal-injury plaintiff to tape-record conversations during medical examination requested by defendants:  "In permitting the examination ordered in this case to be recorded, the trial court properly exercised its discretion and recognized the justness of permitting recording to take place in an open manner, in the absence of some overriding reason to prohibit that recording.  We also fail to see any reason why electronic recording of the examination would in and of itself impede an examiner's ability to conduct a fair and complete examination.").

If recording a medical examination is unproblematic in a civil case, I can think of no "overriding reason" to prohibit the recording of a psychiatric examination by the State's expert in a criminal case.  Except in limited situations, an audiovisual recording

must be made of a stationhouse custodial interrogation in order for the defendant's statements to be admissible at trial. Ind. Evidence Rule 617. The recording protects the interests of both parties and can greatly assist the jury in determining the truth at trial. The reasons for recording a psychiatric examination by the State's expert are even more compelling, because the defendant has already been charged with a crime and the success of his insanity defense may ultimately depend on his counsel's questioning of the expert.

Because Dr. Masbaum was not appointed by the trial court, he cannot be considered disinterested, as were the court-appointed experts in *Williams*. And although Dr. Masbaum may not be Esmond's adversary, he is the agent of the adversary, which is seeking to disprove Esmond's insanity defense. In *Taylor*, the court acknowledged that "[t]here will be cases … in which the defendant makes statements during [a psychiatric] interview that are both probative of his sanity at the time of the crime and incriminating." 659 N.E.2d at 541. Such statements may be admitted if "if the prejudice to the defendant does not substantially outweigh [their] probative value[.]" *Id.* In light of the foregoing, one could argue that a psychiatric examination by the State's expert does indeed involve intricacies of the law, even though the expert is not an attorney and may not use the examination to gather evidence of guilt.[7] For all these reasons, I believe that our supreme court should revisit *Williams* and *Taylor* and reconsider its presumption that the Sixth Amendment does not entitle a criminal defendant to the assistance of counsel during a

---

[7] The State cites several personal-injury cases suggesting that the presence of a party's attorney during a medical examination could be disruptive and even interfere with the party's right to counsel because the attorney could potentially be called as a witness at trial. *See, e.g.*, *Wheat v. Biesecker*, 125 F.R.D. 479 (N.D. Ind. 1989). In a criminal case, however, those hypothetical concerns must be weighed against the defendant's significant life and liberty interests, which are protected by the state and federal constitutions.

14

psychiatric examination by the State's expert. And although Esmond does not raise a separate argument under the Indiana Constitution, it bears repeating that Article 1, Section 13 "affords citizens greater protection than its federal counterpart[.]" *Hall*, 870 N.E.2d at 460.