PRESENT:  All the Justices

MATTHEW PAUL BROWN
                                        OPINION BY
v.        Record No. 081417    JUSTICE CYNTHIA D. KINSER
                                        June 4, 2009
COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF THE CITY OF SALEM
              Robert P. Doherty, Jr., Judge

COMMONWEALTH OF VIRGINIA

v.        Record No. 081588

KIMBERLY DAWN COMPTON

        FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
                 Larry B. Kirksey, Judge


     In both of these cases involving expungements of police and

court records relating to criminal charges, we primarily address

whether the petitioners had a right to seek expungement under

one of the applicable provisions of Code § 19.2-392.2(A),

specifically whether the criminal charges at issue were

"otherwise dismissed."  Because the criminal charges were

dismissed without the petitioners' entering a plea and without

any finding that the evidence was sufficient to establish guilt,

we conclude that both petitioners were entitled to seek the

requested expungements.

                I. RELEVANT FACTS AND PROCEEDINGS

     Although these appeals involve a common question, their

facts and procedural histories differ somewhat.  Therefore, we

will first summarize the relevant facts of each case and then analyze the dispositive issue that the appeals share.

## A. Brown v. Commonwealth

Matthew Paul Brown filed an amended petition in the Circuit Court of the City of Salem requesting the expungement of the police and court records concerning two separate criminal charges. The first charge was for misdemeanor obstruction of justice in violation of Code § 18.2-460. With regard to that charge, the Salem General District Court entered an order of nolle prosequi. The second charge was for misdemeanor assault and battery in violation of Code § 18.2-57. The Salem General District Court took that charge under advisement for twelve months pending Brown's successful completion of an alcohol treatment program. The district court did so without Brown's entering a plea and without any finding that the evidence was sufficient to establish Brown's guilt of the charged offense. One year later, the district court found that Brown had completed the program and ordered the charge dismissed.

At a hearing before the circuit court on the amended petition for expungement, Brown emphasized the assault and battery charge had been dismissed without his entering a plea and without a finding by the district court that the evidence was sufficient to convict him of the offense. Therefore, argued Brown, the charge was "otherwise dismissed" under the terms of

2

Code § 19.2-392.2(A)(2).  The Commonwealth asserted, however, that because a condition was placed on the dismissal of the assault and battery charge and Brown complied with that condition, he was not eligible to have the records regarding the assault and battery charge expunged.

The circuit court granted Brown's request for expungement of the records regarding the obstruction of justice charge, finding "that the continued existence and possible dissemination of information relating to the arrest of petitioner . . . on the charge of obstruction of justice . . . may cause circumstances that constitute a manifest injustice to said petitioner."  The circuit court, however, denied expungement of the records concerning the assault and battery charge.  The court concluded that Brown did not meet the requirements of Code § 19.2-392.2(A)(2) because a dismissal conditioned upon completion of an alcohol treatment program "is not something that would occur on somebody who was innocent of the offense."

On appeal to this Court, Brown challenges that part of the circuit court's judgment refusing to expunge the records concerning the assault and battery charge.[1]  Brown argues that he was entitled to expungement of those records because the assault

_____

[1] The Commonwealth has not appealed the portion of the circuit court's judgment granting expungement of the records relating to the obstruction of justice charge nor does it challenge the circuit court's finding of "manifest injustice."

3

and battery charge was "otherwise dismissed" as required by the provisions of Code § 19.2-392.2(A)(2), the charge was a misdemeanor offense, and he has no prior criminal record.

The Commonwealth disagrees and claims Brown is not entitled to expungement of the records at issue. According to the Commonwealth, Brown did not meet the threshold requirement for expungement because he agreed to complete an alcohol treatment program and the dismissal of the criminal charge was conditioned upon his completion of that program. The Commonwealth thus argues that Brown is not innocent of the assault and battery charge. Citing this Court's decision in Gregg v. Commonwealth, 227 Va. 504, 316 S.E.2d 741 (1984), the Commonwealth asserts that an individual who is not innocent of a criminal charge does not qualify as a person whose charge was "otherwise dismissed" under the expungement statute.

### B. Commonwealth v. Compton

Kimberly Dawn Compton filed a petition in the Circuit Court of the City of Bristol requesting the expungement of all police and court records concerning a felony charge for abuse and neglect of a child in violation of Code § 18.2-371.1. With regard to the charge, the Bristol Juvenile and Domestic Relations District Court, without Compton's entering a plea and without finding the evidence sufficient to establish guilt, entered an order stating it was "agreed" that the district court

4

would take the charge under advisement for six months and Compton would "submit a written parenting plan to the court and perform 20 hours of community service to be monitored by the [court service unit]." The order further stated, "If at the end of the period and no other adverse reports the case shall be dismissed [without] appearance." Approximately six months later, the district court entered a second order stating, "Matter Dismissed. All requirements met. No additional charges."

The Commonwealth contested the petition for expungement on the grounds that Compton's charge was not "otherwise dismissed" as required by Code § 19.2-392.2(A)(2). The Commonwealth argued that by accepting the district court's conditions for dismissal, Compton "tacitly admitted that the Commonwealth possessed sufficient evidence to sustain [the] accusation if the matter proceeded to trial," and she therefore was not an "innocent" person entitled to seek expungement.

The circuit court granted the expungement of the police and court records pertaining to the abuse and neglect charge. The court found that the district court, "without taking a plea or hearing evidence, took the matter under advisement for six months [without making] findings of fact[] sufficient to sustain a conviction [or a] finding of probable cause" and then

5

dismissed the felony charge against Compton.  The circuit court

further found

> that the continued presence of the charge on her
> record has created an inability for . . . Compton to
> find permanent employment in her chosen field, and
> [she] has been denied several teaching opportunities
> as a result of the nature of the charge on her
> criminal record [and] the continued existence and
> possible dissemination of information relating to the
> arrest and charges placed against the petitioner have
> caused, and continue to cause circumstances which
> constitute a manifest injustice to [Compton].

The Commonwealth appeals the circuit court's judgment,

claiming that the circuit court erred in (1) finding that

Compton "was innocent of the charge, qualifying her dismissal

for expungement"; (2) "holding that taking a case under

advisement conditioned upon completion of terms and subsequent

dismissal was a case that was 'otherwise dismissed' pursuant to

. . . Code § 19.2-392.2(A)(2)"; and (3) "finding that the

continued existence of the charge on [her] record constitutes

manifest injustice."  The Commonwealth argues, as it did before

the circuit court, that Compton does not have the status of an

innocent person for purposes of expungement because the criminal

charge was dismissed only upon her satisfaction of a penalty

imposed by judicial authority.  Such a dismissal, according to

the Commonwealth, does not qualify as a charge "otherwise

dismissed."

In response, Compton points out that she did not enter any plea to the criminal charge and that the district court made no findings regarding the sufficiency of the evidence. According to Compton, the district court's order merely reflected the parties' agreement that the charge would be dismissed if she submitted a written parenting plan and completed twenty hours of community service. Compton thus contends that the charge of abuse and neglect was "otherwise dismissed" under Code § 19.2-392.2(A)(2).

## II. ANALYSIS

The expungement statute provides, in relevant part, that a person "may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records" relating to "any offense defined in Title 18.2" if the person "[i]s acquitted, or [a] nolle prosequi is taken or the charge is otherwise dismissed, including dismissal by accord and satisfaction pursuant to § 19.2-151." Code § 19.2-392.2(A). When considering a petition for expungement of police and court records relating to a criminal charge, "the threshold determination . . . is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2(A)." Daniel v. Commonwealth, 268 Va. 523, 530, 604 S.E.2d 444, 448 (2004). In both appeals presently before us, there is no dispute that neither Brown nor Compton

7

was acquitted of the respective criminal charge, nor was a nolle prosequi taken as to either charge.[2] Thus, in order for the petitioners to have a right to seek expungements of the police and court records relating to the criminal charges at issue, those charges must have been "otherwise dismissed" under Code § 19.2-392.2(A)(2).

In four previous decisions, this Court has examined under what circumstances a criminal charge is "otherwise dismissed" pursuant to Code § 19.2-392.2(A)(2). First, in Gregg, we decided the question whether a criminal drug charge was "otherwise dismissed" when the charge was disposed of "in accordance with a statute that permitted the court, upon a first offender's plea of guilty, to refrain from entering a judgment of guilt, to place the accused on probation, and ultimately to discharge the person and dismiss the proceeding against him." 227 Va. at 505, 316 S.E.2d at 741. Noting that "[t]he expungement statute applies to innocent persons, not to those who are guilty,"[3] id. at 507, 316 S.E.2d at 742-43, we held:

---

[2] A nolle prosequi was taken with regard to Brown's obstruction of justice charge; however, the expungement of the records relating to that charge is not before this Court on appeal.

[3] The policy reason for allowing expungement of police and court records relating to a criminal charge is set forth in Code § 19.2-392.1:

The General Assembly finds that arrest records can be a hindrance to an innocent citizen's ability to

8

Under the first offender statute, probation and ultimate dismissal is conditioned on a plea of guilty or a finding of guilt. In the present case, [the petitioner] pled guilty. One who is "guilty" cannot occupy the status of "innocent" so as to qualify under the expungement statute as a person whose charge has been "otherwise dismissed."

Id. at 507, 316 S.E.2d at 743.

In Commonwealth v. Jackson, 255 Va. 552, 499 S.E.2d 276, (1998), we determined whether "a person who has entered a plea of nolo contendere to a criminal charge is entitled to have her arrest record subsequently expunged under Code § 19.2-392.2." Id. at 553, 499 S.E.2d at 277. The circuit court had granted the petition for expungement, distinguishing this Court's holding in Gregg on the basis that the petitioner there had entered a plea of guilty whereas Lynnette M. Jackson had entered a plea of nolo contendere. Id. at 554, 499 S.E.2d at 277-78.

This Court reversed the judgment of the circuit court. In doing so, we found that "by entering a plea of nolo contendere, the defendant 'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty' for the purpose of imposing judgment and sentence." Id.

---

obtain employment, an education and to obtain credit. It further finds that the police and court records of those of its citizens who have been absolutely pardoned for crimes for which they have been unjustly convicted can also be a hindrance. This chapter is intended to protect such persons from the unwarranted damage which may occur as a result of being arrested and convicted.

9

at 555, 499 S.E.2d at 278 (quoting Honaker v. Howe, 60 Va. (19 Gratt.) 50, 53 (1869)). We also noted that the trial court "did not merely accept [Jackson's] plea, but further determined that the evidence was sufficient to prove Jackson's guilt of the offense and then 'deferred' judgment." Id. at 555, 499 S.E.2d at 278. We thus held "that, based on the record of the criminal prosecution, Jackson [was] precluded from maintaining her innocence in the expungement proceeding because, as in Gregg, the record that would be expunged affirmatively establishe[d] her guilt of the offense." Id. at 556, 499 S.E.2d at 278. We further explained: "A person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not 'innocent' of the offense regardless of the plea originally entered." Id. at 557, 499 S.E.2d at 279. In sum, the dismissal of Jackson's criminal charge following satisfaction of the terms of the "deferral" did not render the case "otherwise dismissed" for purposes of the expungement statute. Id.

We also rejected the argument that, even if Jackson was not an "innocent person" under the rationale of Gregg, an amendment to Code § 19.2-392.2, allowing expungement upon an "accord and satisfaction," had altered the holding in Gregg by no longer limiting "otherwise dismissed" cases to those in which a defendant is innocent. Id. at 556, 499 S.E.2d at 278-79. We

noted that a dismissal based upon an accord and satisfaction under Code § 19.2-151 "takes place without a determination of guilt just as in the case of a nolle prosequi or other procedural dismissal [and without] imposition of penalty by judicial authority."  Id. at 556-57, 499 S.E.2d at 279.

Next, in Daniel, Joseph Tilghman Daniel pled not guilty to a charge of assault and battery.  268 Va. at 525, 604 S.E.2d at 445.  After hearing evidence from two Commonwealth witnesses, the trial court concluded the evidence was sufficient to establish guilt but withheld such a finding at that time.  Id. The trial court, instead, took the case under advisement on the condition that Daniel pay $500 restitution to the victim and perform 50 hours of community service.  Id.  After subsequently finding that Daniel "successfully completed his probation" pursuant to the trial court's prior order, it dismissed the charge.  Id.

Daniel filed a petition for expungement in the circuit court, which the court denied.  Id. at 526-27, 604 S.E.2d at 445-46.  We affirmed the circuit court's judgment, holding that the facts were "virtually indistinguishable from those in Jackson" except for the fact that Daniel entered a plea of not guilty, rather than one of nolo contendere.  Id. at 529, 604 S.E.2d at 447.  We noted that in each case, the trial court made an express finding that the evidence was sufficient to establish

11

guilt and that "[a]lthough neither Jackson nor Daniel admitted guilt, each agreed to accept and abide by the terms of probation imposed upon them while the trial court deferred entering a judgment of guilty." Id. at 529-30, 604 S.E.2d at 447. We also reiterated our holding in Jackson that "[a] person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not 'innocent' of the offense regardless of the plea originally entered." Id. at 530, 604 S.E.2d at 447 (internal quotation marks omitted).

Finally, in Commonwealth v. Dotson, 276 Va. 278, 661 S.E.2d 473 (2008), we considered the question whether a "criminal charge that was dismissed pursuant to a first offender statute . . . can be expunged from a defendant's record" when the trial court's order does "not state that there was a finding of guilt or that there was evidence sufficient for a finding of guilt." Id. at 280-81, 661 S.E.2d at 474. There, on de novo appeal to the circuit court from a conviction in district court for misdemeanor possession of marijuana, Nina Carman Dotson entered a plea of nolo contendere. Id. at 280, 661 S.E.2d at 474. The circuit court accepted the plea, deferred the proceedings pursuant to the first offender statute, ordered Dotson to serve one year of active probation, and suspended her driver's license for six months. Id. at 280-81, 661 S.E.2d at 474.

The circuit court subsequently granted Dotson's petition for expungement on the basis that the court's order "failed to reflect a finding of guilt or that the evidence would have been sufficient for a finding of guilt" even though the court had treated Dotson as a first offender. Id. at 281, 661 S.E.2d at 475 (internal quotation marks omitted). We reversed the circuit court's judgment. Id. at 284, 661 S.E.2d at 476. In doing so, we noted that "inherent in a trial court['s] placing a defendant on first offender status is a finding by the trial court that there is evidence sufficient to find the defendant guilty." Id. at 283, 661 S.E.2d at 476. In summation, we stated:

> Dotson pled nolo contendere and was placed on first offender status. The trial court was required to find evidence sufficient for a finding of guilt in order to defer the proceedings pursuant to the first offender statute, Code § 18.2-251. Her charge was not dismissed until after she completed court-ordered obligations including the suspension of her operator's license, probation, and payment of court costs. By statute, such obligations could not be imposed absent a finding of evidence sufficient to find her guilty. Thus, Dotson's charge was not "otherwise dismissed" within the meaning of the expungement statute, and Dotson was not entitled to have the charge expunged from her record.

Id. at 284, 661 S.E.2d at 476.

Unlike the circumstances in these four cases, neither Brown nor Compton entered any kind of plea to the criminal offense with which each was charged, and the respective district court made no finding that the evidence was sufficient to establish

13

guilt.  Nor are we concerned in either case with an offense for which a deferred disposition or the status of a first offender is allowed.  See, e.g., Code §§ 18.2-57.3 and 18.2-251.  At most, we have only each district court taking the criminal charge under advisement while the respective petitioner, Brown or Compton, performed certain agreed-upon tasks with the understanding that, upon doing so, the charge would be dismissed.  We liken the dismissals at issue to a nolle prosequi or accord and satisfaction; each dismissal took place without a determination of guilt, without a finding of evidence sufficient to establish guilt, and without penalties or conditions imposed by judicial authority.  See Jackson, 255 Va. at 557, 499 S.E.2d at 279.  Thus, based on the record in these appeals, we conclude that both Brown and Compton "occupy the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed.' "  Gregg, 227 Va. at 507, 316 S.E.2d at 743.

This conclusion, however, does not end our analysis.  After concluding that a petitioner has the right to seek expungement under Code § 19.2-392.2(A), a circuit court must then determine whether "the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to

14

the petitioner."[4]  Code § 19.2-392.2(F).  We now turn to that prong of the expungement statute with regard to each petitioner.

As to Brown's petition for expungement, the circuit court, after hearing evidence ore tenus, found that "the continued existence and possible dissemination of information relating to the arrest of petitioner . . . on the charge of obstruction of justice . . . may cause circumstances that constitute a manifest injustice to said petitioner."  By not assigning cross-error, the Commonwealth does not challenge that finding in this appeal. Upon review of the record, we conclude as a matter of law that the same evidence also establishes that "continued existence and possible dissemination" of the police and court records relating to Brown's charge for assault and battery "causes or may cause circumstances which constitute a manifest injustice" to Brown. Code § 19.2-392.2(F).  Thus, we hold that Brown has satisfied the requirements of the expungement statute and is entitled to have the police and court records relating to his assault and battery charge expunged.

As to Compton, the circuit court held in its final order "that the continued existence and possible dissemination of

---

[4] If a petitioner has no prior criminal record and the arrest was for a misdemeanor offense, the petitioner is entitled to expungement of the police and court records relating to the charge unless the Commonwealth shows "good cause . . . to the contrary."  Code § 19.2-392.2(F).

15

information relating to the arrest and charges placed against the petitioner have caused, and continue to cause circumstances which constitute a manifest injustice to the petitioner." The Commonwealth assigns error to that holding and asserts on brief that Compton presented no evidence to support the circuit court's finding. The Commonwealth, however, did not file a transcript of the hearing before the circuit court or provide in the written statement of facts a summary of the evidence presented (or a statement that Compton presented no evidence).[5] In other words, the Commonwealth failed to provide a sufficient record to enable this Court to reach this issue. See Shaikh v. Johnson, 276 Va. 537, 545, 666 S.E.2d 325, 328 (2008) (" '[T]he onus is upon the appellant to provide [the appellate court] with a sufficient record from which [it] can decide whether the trial court erred as alleged. A failure to furnish a sufficient record will result in an affirmance of the judgment appealed from.' ") (quoting Woods v. R. D. Hunt & Son, Inc., 207 Va. 281, 287, 148 S.E.2d 779, 783 (1966)). Thus, we hold that Compton is entitled to have the police and court records relating to the charge of abuse and neglect expunged.

---

[5] Pursuant to Rule 5:11, the circuit court certified a written statement of facts as part of the record on appeal to this Court.

16

## III. CONCLUSION

For the reasons stated, we will reverse the judgment of the Circuit Court of the City of Salem denying expungement of the police and court records relating to Brown's charge for assault and battery and remand for entry of an order of expungement. We will affirm the judgment of the Circuit Court of the City of Bristol granting expungement of the police and court records pertaining to Compton's charge for abuse and neglect.

Record No. 081417 – <u>Reversed and remanded</u>.
Record No. 081588 – <u>Affirmed</u>.

17