# CIRCUIT COURT OF FAIRFAX COUNTY

David Hill Eastlack

v.

Commonwealth of Virginia

November 23, 2009

Case No. CL-2009-12778

BY JUDGE JAN L. BRODIE

This matter came before the Court on November 12, 2009, on Petitioner David Hill Eastlack's Petition for Expungement of Police and Court Records. On April 29, 2005, the Petitioner was arrested and charged with maliciously causing bodily injury with the intent to maim, disfigure, disable, or kill in violation of Va. Code Ann. § 18.2-51. On March 9, 2006, the Court found the Petitioner not guilty by reason of insanity based on the stipulations of the parties. The Petitioner has no other criminal convictions and states that possible dissemination of information relating to his arrest "may cause circumstances that constitute a manifest injustice to the Petitioner. . . ." The Petitioner requests expungement of the police and court records relating to the charge because it has and will continue to affect his ability to gain employment when background checks or special security clearances are required.

Va. Code Ann. § 19.2-392.2(A) (Supp. 2009) provides, among other things, that expungement of police and court records is permitted if the person charged is acquitted, a *nolle prosequi* is taken in the case, or the charge is otherwise dismissed. The initial determination that the Court must make in each case is whether the Petitioner has a right to seek expungement under the statute. *Brown v. Commonwealth*, 278 Va. 92, 98, 677 S.E.2d 220, 223 (2009). Once this determination has been made, the Court will then look to see

if the continued existence or dissemination of the information would cause circumstances that constitute a manifest injustice to the Petitioner. *Id.* at 103, 677 S.E.2d at 226. Because there were no facts in evidence at the time of the plea and the Court made no finding of guilt in this case, the Petitioner claims that his acquittal by reason of insanity gives him the right to seek expungement of the police and court records related to the charge. In the alternative, the Petitioner also claims that the charge must have been "otherwise dismissed." Va. Code Ann. § 19.2-392.2(A).

The Supreme Court of Virginia in *Gregg v. Commonwealth*, 227 Va. 504, 507, 316 S.E.2d 741, 743 (1984), having considered the General Assembly's statement of policy as set forth in Va. Code Ann. § 19.2-392.1, applied the provisions of § 19.2-392.2 and limited its application to innocent persons. *See also Ohio v. Schwartz*, 2005 Ohio 3171, 2005 Ohio Ct. App. LEXIS 2954, at *5 (2005); *Illinois v. Wells*, 294 Ill. App. 3d 405, 410, 690 N.E.2d 645, 649, 228 Ill. Dec. 886 (1998); *Pennsylvania v. B.C.*, 2007 Pa. Super. 276, 936 A.2d 1070, 1074 (2007). In *Brown*, the Court noted that the dismissals in those cases took place "without a determination of guilt, without a finding of evidence sufficient to establish guilt, and without penalties or conditions imposed by judicial authority." *Brown*, 278 Va. at 102, 677 S.E.2d at 225. Accordingly, the defendants had the same status as an innocent person and could qualify under the statute as having their charges "otherwise dismissed." *Id.* at 102, 677 S.E.2d at 226.

However, an acquittal by reason of insanity under Va. Code Ann. § 19.2-182.2 is not the same as an acquittal based on the individual's innocence of the crime charged. It is instead a finding that the defendant is not legally responsible for his actions. *Gibson v. Commonwealth*, 216 Va. 412, 417, 219 S.E.2d 845, 849 (1975) (holding that "[u]pon a plea of insanity in a criminal case, the issue is whether the accused was insane *at the time the offense was committed*"). Accordingly, having reviewed the relevant case law, the applicable code sections, and arguments of counsel, this Court finds that Petitioner does not have a right to seek expungement based on his acquittal by reason of insanity or based on the case being "otherwise dismissed" under Va. Code Ann. § 19.2-392.2(A). Moreover, even if this Court were to find that Petitioner did have the right to seek an expungement, the evidence presented did not show that the dissemination of the information would constitute a manifest injustice in this case. Petitioner David Hill Eastlack's Petition for Expungement of Police and Court Records is therefore denied.