Present: All the Justices

ALISON ANNE DRESSNER

                                              OPINION BY

v.  Record No. 120496       CHIEF JUSTICE CYNTHIA D. KINSER

                                           JANUARY 10, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles J. Maxfield, Judge

In this appeal challenging a denial of expungement of police and court records, we conclude that a possession of marijuana charge, amended to a reckless driving charge, was "otherwise dismissed" as contemplated by Code § 19.2-392.2(A)(2).  Therefore, we will reverse the circuit court's judgment denying the requested expungement.

RELEVANT FACTS AND PROCEEDINGS[1]

Alison Anne Dressner was issued a summons for possession of marijuana in violation of Code § 18.2-250.1.  Prior to a hearing in the General District Court of Fairfax County, the Commonwealth amended the charge to reckless driving in violation of Code § 46.2-852.  The amendment was noted on the face of the original summons.  Dressner was then arraigned on the amended charge of reckless driving, entered a guilty plea to that charge, and was found guilty.  Pursuant to a plea agreement, the general district court imposed a fine of $200.

---

[1] The relevant facts are set forth in a written statement of facts filed pursuant to Rule 5:11(e).

Subsequently, Dressner filed a "Petition for Expungement of Police and Court Records" in the Circuit Court of Fairfax County. At a hearing on the petition, the circuit court found that Dressner suffered a loss of employment because an employer's background check revealed the possession of marijuana charge. Thus, the court concluded Dressner established that the continuing existence of information about the possession of marijuana charge would constitute a "manifest injustice" under Code § 19.2-392.2(F). The only issue remaining in dispute, according to the court, was whether Dressner was "acquitted" of the possession of marijuana charge, or whether the charge was "otherwise dismissed" pursuant to Code § 19.2-392.2(A)(1) and (2), respectively.

After hearing argument by the parties, the circuit court denied the petition for expungement of the police and court records pertaining to the possession of marijuana charge. The court concluded that because the original summons was amended, "expunging the [p]ossession of [m]arijuana charge would also expunge the record supporting the [r]eckless [d]riving conviction" and thereby "distort [Dressner's] record in a manner deemed impermissible . . . in Necaise v. Commonwealth, 281 Va. 666, 669[, 708 S.E.2d 864, 866] (2011)."

We awarded Dressner this appeal. Dressner asserts that the circuit court erred by holding (1) that the possession of

2

marijuana charge was not "otherwise dismissed;" (2) that expungement of the possession of marijuana charge would distort the record; and (3) that Dressner was not eligible for expungement because she pled guilty to an amended charge even though the amended charge was not a lesser-included offense of the offense originally charged on the summons.

ANALYSIS

The expungement statute, Code § 19.2-392.2, provides, in relevant part, that a person charged with the commission of a crime "may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records relating to the charge" if the person was "acquitted, or [a] nolle prosequi is taken or the charge is otherwise dismissed, including dismissal by accord and satisfaction pursuant to § 19.2-151." Code § 19.2-392.2(A). The "threshold determination to be made by the trial court on considering any petition for expungement . . . is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2(A)." Daniel v. Commonwealth, 268 Va. 523, 530, 604 S.E.2d 444, 448 (2004). The dispositive question in this appeal is whether the possession of marijuana charge was "otherwise dismissed" pursuant to Code § 19.2-392.2(A). That issue is a question of law that this Court

3

reviews de novo. See Commonwealth v. Morris, 281 Va. 70, 76, 705 S.E.2d 503, 505 (2011).

The Commonwealth argues that the possession of marijuana charge was not "otherwise dismissed" within the meaning of the expungement statute because that charge, as subsequently amended, resulted in a conviction. The Commonwealth further asserts that expungement of the records pertaining to the possession of marijuana charge would distort the record and events resulting in the reckless driving charge and conviction. Citing Brown v. Commonwealth, 278 Va. 92, 677 S.E.2d 220 (2009), Dressner, however, argues that the possession of marijuana charge was "otherwise dismissed" because she occupies the status of one who is innocent of that particular charge. Dressner points out that she never entered any plea to the possession of marijuana charge, that she was not found guilty of the charge, that the general district court did not make a finding that the evidence was sufficient to support a conviction for possession of marijuana, and that no terms were imposed on her in exchange for having the charge amended to reckless driving. According to Dressner, the possession of marijuana charge was "otherwise dismissed by legal operation [of] the Commonwealth's amendment of the charge to [r]eckless [d]riving."

Contrary to the circuit court's holding and the Commonwealth's assertions, our decision in Necaise is not

4

dispositive in this case. There, the petitioner, who had pled guilty to two misdemeanor charges that were lesser-included offenses of the two original felony charges, sought expungement of the records regarding the felony charges. 281 Va. at 668, 708 S.E.2d at 865. This Court affirmed the trial court's judgment refusing to expunge those charges. Id. at 670, 708 S.E.2d at 866. Our decision rested on the fact that "[b]ecause the misdemeanors of which Necaise was convicted were lesser included offenses of the felonies with which he was charged, all of the elements of the offenses of which he was convicted were subsumed within the felony charges and they form[ed] the sole bases for the convictions." Id. at 669, 708 S.E.2d at 866. Therefore, we held that "Necaise, having been found guilty of offenses charged within the warrants upon which he was arrested, was not an 'innocent citizen' entitled to the benefit of the expungement statutes." Id. at 670, 708 S.E.2d at 866.

The possession of marijuana charge in the instant case, however, was amended to the completely separate and unrelated charge of reckless driving in violation of Code § 46.2-852. Reckless driving is not a lesser-included offense of possession of marijuana. Compare Code § 46.2-852, with Code § 18.2-250.1. In other words, "the elements of the offense[] of which [Dressner] was convicted" were not "subsumed within the [possession of marijuana charge]" and did not "form the sole

5

bas[i]s for the conviction[]." Necaise, 281 Va. at 669, 708 S.E.2d at 866. Thus, the possession of marijuana charge was necessarily "otherwise dismissed" within the intendment of Code § 19.2-392.2(A)(2). Indeed, the Commonwealth can point to no other disposition.

Furthermore, the facts here are analogous to those in Brown, where we held that two petitioners each occupied "the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed.'" 278 Va. at 102, 677 S.E.2d at 226-27 (quoting Gregg v. Commonwealth, 227 Va. 504, 507, 316 S.E.2d 741, 743 (1984)). There, neither of the petitioners entered any kind of plea to the misdemeanor charges for which they sought expungement of the records. Id. at 102, 677 S.E.2d at 225. Further, the district courts where the charges were pending made no findings that evidence was sufficient to convict, nor were the offenses ones for which a deferred disposition or first offender status was allowed. Id. As we noted, each district court took "the criminal charge under advisement while the respective petitioner . . . performed certain agreed-upon tasks with the understanding that, upon doing so, the charge would be dismissed." Id. Thus, we "liken[ed] the dismissals . . . to a nolle prosequi or accord and satisfaction; each dismissal took place without a determination of guilt, without a finding of

6

evidence sufficient to establish guilt, and without penalties or conditions imposed by judicial authority." Id. The petitioners occupied the status of innocent and were persons whose charges had been "otherwise dismissed" under the expungement statute. Id. at 102, 677 S.E.2d at 226.

Dressner likewise never entered any plea to the possession of marijuana charge, nor did the general district court make any finding that the evidence was sufficient to establish guilt on that charge. Nothing in the record suggests that the general district court even heard any evidence with regard to the possession of marijuana charge, and the general district court did not take the matter under advisement or defer disposition. In fact, Dressner, unlike the petitioners in Brown, did not agree to perform any tasks with the understanding that the possession of marijuana charge would then be dismissed. The record reveals only that the general district court imposed a fine of $200 on the reckless driving conviction pursuant to a plea agreement. Any suggestion that the plea agreement contained other terms that would be relevant to the question of expungement now before us is pure speculation. Thus, as in Brown, Dressner occupies the "status of 'innocent' [as to the possession of marijuana charge] so as to qualify under the expungement statute as a person whose charge has been 'otherwise

7

dismissed.' "  Id. (quoting Gregg, 227 Va. at 507, 316 S.E.2d at 743).

The circuit court's sole basis for refusing to expunge the records pertaining to the possession of marijuana charge was that such expungement would distort Dressner's record.  While we noted that concern in Necaise, it is not a statutory basis that makes a petitioner ineligible to seek expungement of records. See Code § 19.2-392.2(A).  Thus, we conclude that the circuit court erred by finding that Dressner could not, under Code § 19.2-392.2(A), seek expungement of the records pertaining to the possession of marijuana charge.

With that conclusion, the next step is to determine whether "the continued existence and possible dissemination of information relating to the [marijuana charge] causes or may cause circumstances which constitute a manifest injustice to the petitioner."[2]  Code § 19.2-392.2(F), see also Brown, 278 Va. at 103, 677 S.E.2d at 226 (holding second prong of expungement statute is to decide question of manifest injustice).

_____

[2] Code § 19.2-392.2(F) also provides that "if the petitioner has no prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court records relating to the charge, and the court shall enter an order of expungement." Although Dressner's possession of marijuana charge was a misdemeanor, the record contains no information nor did the circuit court make any finding concerning whether Dressner had a prior criminal record.

8

As already noted, the circuit court found that Dressner demonstrated the existence of manifest injustice through her loss of employment as a result of a background check that revealed the possession of marijuana charge.[3]  Therefore, Dressner has satisfied the requirements of the expungement statute and is entitled to have the police and court records relating to the possession of marijuana charge expunged.

CONCLUSION

For the reasons stated, we will reverse the circuit court's judgment and remand for entry of an appropriate order of expungement pursuant to Code § 19.2-392.2(F).

Reversed and remanded.

JUSTICE POWELL, with whom JUSTICE GOODWYN and JUSTICE McCLANAHAN join, dissenting.

In this case, the circuit court denied Dressner's request to have a possession of marijuana charge expunged, holding

> that the Possession of Marijuana charge was amended to Reckless Driving on the same summons and that expunging the Possession of Marijuana charge would also expunge the record supporting the Reckless Driving conviction and that granting the Petition for Expungement would distort the Petitioner's record in a manner deemed impermissible by the Supreme Court of Virginia in Necaise v. Commonwealth, 281 Va. 666, 669 (2011).

Because I respectfully disagree with the majority's conclusion that a charge that is amended constitutes one that is "otherwise

---

[3] The Commonwealth did not assign cross-error to this holding by the circuit court.  See Rule 5:18(c); Rule 5:25.

9

dismissed" for the purpose of having the original charge

expunged, I would affirm the judgment of the trial court.

Any analysis of the expungement statute must be guided by

the legislative policy behind that statute, specifically, Code

§ 19.2-392.1.

> The General Assembly finds that arrest records
> can be a hindrance to an <u>innocent</u> citizen's ability to
> obtain employment, an education and to obtain credit.
> It further finds that the police and court records of
> those of its citizens who have been absolutely
> pardoned for crimes for which they have been unjustly
> convicted can also be a hindrance.  This chapter is
> intended to protect such persons from the unwarranted
> damage which may occur as a result of being arrested
> and convicted.

Code § 19.2-392.1 (emphasis added).  When an individual is

acquitted or "[a] nolle prosequi is taken or the charge is

otherwise dismissed, including dismissal by accord and

satisfaction pursuant to [Code] § 19.2-151, he may file a

petition setting forth the relevant facts and requesting

expungement of the police records and the court records relating

to the charge."  Code § 19.2-392.2(A)(2).  However, the policy

is clear: expungement should only be available to an <u>innocent</u>

citizen.

As the majority states, this case turns on the meaning of

"otherwise dismissed" as used in Code § 19.2-392.2(A).  "When

the legislature has used words of a plain and definite import,

courts cannot construe them in a manner which amounts to holding

10

that the legislature did not mean what it actually stated."

Jones v. Jones, 249 Va. 565, 570, 457 S.E.2d 365, 368 (1995).

> "When . . . a statute contains no express
> definition of a term, the general rule of
> statutory construction is to infer the
> legislature's intent from the plain meaning of
> the language used." Hubbard v. Henrico Ltd.
> Partnership, 255 Va. 335, 340, 497 S.E.2d 335,
> 338 (1998) (citing City of Virginia Beach v.
> Flippen, 251 Va. 358, 362, 467 S.E.2d 471, 473-74
> (1996); Marsh v. City of Richmond, 234 Va. 4, 11,
> 360 S.E.2d 163, 167 (1987)). An undefined term
> must be "given its ordinary meaning, given the
> context in which it is used." Dep't. of Taxation
> v. Orange-Madison Coop. Farm Serv., 220 Va. 655,
> 658, 261 S.E.2d 532, 533-34 (1980). "The context
> may be examined by considering the other language
> used in the statute." City of Virginia Beach v.
> Bd. of Supervisors of Mecklenburg County, 246 Va.
> 233, 236-37, 435 S.E.2d 382, 384 (1993).

Sansom v. Board of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999). "A related principle is that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

As relevant here, "amend" means "to alter . . . formally by modification, deletion or addition . . . ." Webster's Third New International Dictionary 68 (1993). In the legal context, "dismiss," means "to put . . . out of judicial consideration . . . ." Id. at 652. Thus, I believe that an amendment to an original charge, absent a nolle prosequi being taken on that

11

charge, does not constitute the original charge being "otherwise dismissed."

For practical purposes, this case is no different from several others in which we have held that expungement was not available.* Most recently, in Necaise v. Commonwealth, 281 Va. 666, 669-70, 708 S.E.2d 864, 865 (2011), this Court held that one who has been convicted of a lesser included offense cannot obtain expungement under our statutes. In that case, the original charge of possession of marijuana was never dismissed but was merely reduced. This Court also focused on the legislative intent behind the expungement statutes, stating that the intent

> was not to distort the record of events that actually occurred, but was to avoid injustice to an "innocent citizen" falsely accused and unjustly convicted.
>
> One who is found guilty is not an "innocent citizen" entitled to the benefit of the expungement statutes. The same reasoning applies when a court has found the evidence sufficient to support a conviction, even where the charge was later dismissed. Similarly, where a defendant pleads guilty or nolo contendere but the charge is later dismissed without a finding of guilt upon successful completion of probationary

---

* The majority concludes that Brown v. Commonwealth, 278 Va. 92, 677 S.E.2d 220 (2009) controls the outcome of Dressner's case, but I believe that the majority misses the obvious difference between the instant case and Brown. In Brown, this Court held that expungement was proper where the defendant entered no plea and the court took a case under advisement before dismissing the charge without a finding of guilt. Id. at 102, 677 S.E.2d at 225. Here, Dressner entered a guilty plea to the amended, not dismissed, charge and the court accepted it.

12

terms, the defendant is not an "innocent citizen" entitled to expungement of the records.

Id. (internal citations omitted).  Necaise was not convicted of the felonies with which he was originally charged: felonious disregard of a police officer's signal to stop and feloniously assaulting a police officer engaged in public duties.  Id. at 667-68, 708 S.E.2d at 865.  Instead, he pled guilty to the lesser-included misdemeanor of each offense after negotiating to have his charges reduced.  Id. at 668, 708 S.E.2d at 865.

Although the majority seems to focus on the fact that Necaise's misdemeanors were "subsumed" within his original felony charges as the means by which to distinguish that case, I believe that this is a distinction without a difference.  As in Necaise, where the charges were reduced, Dressner's original charge was amended, not dismissed, and she pled guilty to reckless driving instead of possession of marijuana pursuant to her plea agreement.  This is different from the situation where the defendant is found not guilty of the original charge or a nolle prosequi is taken on the original charge.  To hold, as the majority does, that Dressner's marijuana charge was "otherwise dismissed" reads something into the record that is not there and bestows upon Dressner a status of innocent that is unsupported by the record.  Indeed, at oral argument, counsel for Dressner conceded that the amendment of her marijuana charge to a

13

reckless driving charge was a "bargained for exchange" and that the facts would have shown that

> Dressner was in a car with her boyfriend. Her boyfriend had marijuana on him. Um, there was a small degree of concern on the part of the defense that a marijuana charge might be made but she had been stopped for going 85 miles per hour and hadn't been charged with that so the charge was amended and everybody walked away.

Thus, I believe it is clear that this amendment was not a dismissal. Rather, this "bargained for exchange" was entered into not because Dressner was "innocent" but because it was a plea agreement "and everybody walked away." Therefore, I would hold that the trial court did not err in denying Dressner's petition for expungement.