PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ.,
and Russell and Koontz, S.JJ.

DAVID HILL EASTLACK

OPINION BY

v.  Record No. 100650       SENIOR JUSTICE CHARLES S. RUSSELL
                                      June 9, 2011

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

This appeal presents the question whether a defendant in a criminal case who has been found not guilty by reason of insanity may invoke the provisions of Code § 19.2-392.2 to obtain expungement of the police and court records pertaining to his criminal case.

Facts and Proceedings

The material facts are undisputed.  In 2005, David Hill Eastlack (Eastlack) was arrested by Fairfax County police officers for malicious wounding in violation of Code § 18.2-51, a Class 3 felony.  The charge was certified to the Circuit Court of Fairfax County.  Before it came to trial, however, defense counsel furnished evidence of the defendant's mental condition to the Commonwealth.  Further evaluations were undertaken and ultimately the Commonwealth and the defense entered into a stipulation that Eastlack met the standard of legal insanity at the time of the offense.  Based on the stipulation and further evidence, the court found Eastlack "not guilty by reason of insanity."

The circuit court ordered Eastlack into the custody of the Commissioner of Behavioral Health and Developmental Services (the Commissioner) to determine the extent to which he might require mental health treatment and monitoring. In 2006, the court ordered a conditional release of Eastlack from custody, requiring him to obtain employment and undergo further mental health treatment.

In 2009, Eastlack filed a petition in the circuit court for expungement of the police and court records pertaining to the malicious wounding charge pursuant to Code § 19.2-392.2. By a letter opinion, followed by an order dated January 4, 2010, the court denied the petition. We awarded Eastlack an appeal.

## Analysis

Code § 19.2-392.2(A) provides in pertinent part that a person charged with commission of a crime may seek expungement of the police and court records pertaining to that charge in any of three circumstances: (1) he has been acquitted of the crime, (2) the prosecution has taken a nolle prosequi of the charge, or (3) the charge has been "otherwise dismissed." In any proceeding for expungement, the petitioner has the burden of establishing the existence of one of those three criteria as a prerequisite to his right to seek expungement. In Brown v. Commonwealth, 278 Va. 92, 677 S.E.2d 220 (2009), we described that prerequisite as a "threshold determination" that the court

must make when considering any petition for expungement under Code § 19.2-392.2. Id. at 98, 677 S.E.2d at 223 (quoting Daniel v. Commonwealth, 268 Va. 523, 530, 604 S.E.2d 444, 448 (2004)). After determining that a petitioner has the right to seek expungement by finding the existence of one of those three criteria, the court must then consider whether the continuing existence and possible dissemination of the information contained in the records may cause "manifest injustice" to the petitioner as contemplated by Code § 19.2-392.2(F). Id. at 103, 677 S.E.2d at 226.

Eastlack contends that he meets the first of the three criteria above in that he was "acquitted" of the malicious wounding charge. Alternatively, he argues that the charge was "otherwise dismissed" within the meaning of the statute. We will not consider the latter argument because the charge was never dismissed in any sense of the word. Because no nolle prosequi was taken, we confine our analysis to the question whether Eastlack was "acquitted" within the meaning of Code § 19.2-392.2(A)(1).

A person who has been found "not guilty by reason of insanity" of a criminal charge has not been acquitted in the sense that he has been determined to be innocent of the commission of the criminal act charged. Rather, he has been excused from criminal responsibility for the act because his

3

mental condition at the time of the offense crossed the borderline of legal insanity, precluding a finding that he possessed the mens rea requisite for conviction:

> [A]n individual may be excused from penalty if he is insane at the time he commits a criminal act.  As here, he may do the act with every intention of consummating it, but when it is shown that he was mentally ill, he is excused from the imposition of the usual sanctions.  "The absence of punishment, however, does not retrospectively expunge the original intention."

Johnson v. Insurance Co. of North America, 232 Va. 340, 348, 350 S.E.2d 616, 621 (1986) (quoting Colonial Life & Accident Ins. Co. v. Wagner, 380 S.W.2d 224, 226 (Ky. 1964)).

Consequently, a person found not guilty by reason of insanity is not discharged from the constraints imposed upon him by law as a result of his criminal act.  He is not free to resume his life in the community as he would be if he had been acquitted in the usual sense.  Code § 19.2-182.2 requires the trial court, after such a verdict is returned, to place the acquitted person in the temporary custody of the Commissioner for evaluation by skilled professionals.  Code § 19.2-182.3 provides for a judicial hearing upon the report of the evaluators.  Although the hearing is a "civil proceeding," the acquitted person is to be represented by counsel.  If, at the conclusion of the hearing, the court finds that the acquitted person has a mental illness or retardation and is in need of

inpatient hospitalization, the court must order the involuntary commitment of the acquitted person to a mental hospital.  Id. Otherwise, the court may grant the acquitted person a conditional release from custody, subject to such conditions as the court may prescribe within the statutory guidelines.  Id. Further provisions require the trial court to revisit its commitment decision after 12 months, then yearly for five years, then every other year thereafter.  See Code § 19.2-182.5(A). Code § 19.2-182.8 further provides that the court may revoke its conditional release of the acquitted person at any time the court determines that he has violated the conditions of his release or if it finds that he is no longer a proper subject for conditional release.

In addition to the foregoing restraints upon the acquitted person's liberty, Code § 18.2-308.1:1 makes it a crime for him to knowingly purchase, posses, or transport a firearm at any time, unless granted permission in a judicial proceeding.  Code § 19.2-368.20 provides that any proceeds or profits he receives either directly or indirectly as a result of his criminal act, or because of its notoriety, shall be subject to a special order of escrow for the benefit of the victims of the crime.

Eastlack correctly points out that the Code sections discussed here refer to a person found not guilty by reason of insanity as a person "acquitted by reason of insanity" and as an

5

"acquittee."  Thus, he argues, he is entitled to obtain expungement by the express language of the first criterion expressed in the expungement statute.

If the word "acquitted" in the expungement statute, Code § 19.2-392.2(A) is interpreted to include acquittals by reason of insanity, an anomaly results.  A person found not guilty by reason of insanity could, immediately after the entry of judgment, seek expungement and, if successful, avoid all the constraints upon his liberty imposed by the "not guilty by reason of insanity" laws.  Those laws were enacted for the purpose of protecting society and we will not attribute to the General Assembly an intention to repeal them by implication or to have enacted them in vain.[*]  See, e.g., Hughes v. Cole, 251 Va. 3, 14, 465 S.E.2d 820, 828 (1996) (repeal of a statute by implication is not favored, and there is a presumption against a legislative intent to repeal where express terms indicating such intent are lacking) (citations omitted).

We are assisted by three well-settled principles of statutory construction.  First, statutes concerning the same

---

[*]The expungement laws, Title 19.2, Chapter 23.1 of the Code, were enacted in 1977.  1977 Acts ch. 675.  The laws governing the evaluation and treatment of persons found not guilty by reason of insanity, Title 19.2, Chapter 11.1 of the Code, were 1991 amendments and reenactments of former laws.  1991 Acts ch. 427. The firearm statute, Code § 18.2-308.1:1, was enacted in 1990.  1990 Acts ch. 692, and amended in 2008, 2009 and 2010. The escrow law, Code § 19.2-368.20, was enacted in 1990.  1990 Acts ch. 549, and amended in 1992, 2006, and 2011.

subject are to be read together, and construed, wherever possible, so as to avoid conflict between them and to permit each of them to have full operation according to their legislative purpose.  See, e.g., Hood v. Commonwealth, 280 Va. 526, 541-42, 701 S.E.2d 421, 430 (2010); Waller v. Commonwealth, 278 Va. 731, 737, 685 S.E.2d 48, 51 (2009).  Second, where there is a clear conflict between statutes, the more specific enactment prevails over the more general.  Conger v. Barrett, 280 Va. 627, 631, 702 S.E.2d 117, 118 (2010).  Third, statutes are to be construed so as to avoid an absurd result.  Commonwealth v. Doe, 278 Va. 223, 230, 682 S.E.2d 906, 908-09 (2009).

Each of those principles leads to the conclusion that the General Assembly did not intend the term "acquitted" in the expungement law to include acquittals by reason of insanity.  If the term were to be construed to include such acquittals, an irreconcilable conflict would exist among the statutes dealing with the same subject.  The general statute, Code § 19.2-392.2, which provides for expungement of criminal records of all kinds, would prevail over the statutes specifically tailored to deal only with acquittals by reason of insanity, and the absurd result would follow that the General Assembly would have, by enacting the expungement law, made all its enactments relating to acquittals by reason of insanity potentially unenforceable.

7

We will not attribute such an intent to the General Assembly. Therefore, we hold that the term "acquitted" in Code § 19.2-392.2(A)(1) does not include acquittals by reason of insanity.

<u>Conclusion</u>

Because the circuit court correctly decided the question and for the reasons stated, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.