

**FILED**

Jun 21 2019, 6:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Bruce A. Brightwell | Curtis T. Hill, Jr. |
| New Albany, Indiana | Attorney General of Indiana |
| | |
| | Angela N. Sanchez |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alan Lee Berryman, | June 21, 2019 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 18A-XP-2433 |
| v. | Appeal from the Clark Circuit Court |
| State of Indiana, | The Honorable Vicki Carmichael, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 10C04-1712-XP-97 |

**May, Judge.**

[1] Alan Lee Berryman appeals the trial court's denial of his petition to expunge the record of a case in which a jury found him not responsible by reason of insanity ("NRRI"). Berryman raises one issue on appeal, whether a judgment

of NRRI is a "conviction" as the term is used in Indiana Code section 35-38-9-1.  We affirm.

## Facts and Procedural History

On November 3, 2001, Berryman approached a man and his wife in a mall parking lot.  *State v. Berryman*, 796 N.E.2d 741, 742 (Ind. Ct. App. 2003), *opinion aff'd in part, vacated in part*, 801 N.E.2d 170 (Ind. 2004).  Berryman grabbed the man and accused him of trying to "set up" Berryman.  *Id*.  Berryman then shot and killed the man.  *Id*.  On November 7, 2001, the State charged Berryman with murder.[1]  A jury found Berryman not responsible by reason of insanity, so the court entered a judgment of NRRI.  Subsequently, the court involuntarily committed Berryman to a state hospital.  *In re Commitment of Berryman*, 797 N.E.2d 820, 822 (Ind. Ct. App. 2003).

On an undisclosed date thereafter, Berryman was released from his commitment, and he filed a Petition to Expunge/Seal Records pursuant to Indiana Code section 35-38-9-1 in late 2017.  The State filed an objection, and the trial court held a hearing on June 14, 2018.  On July 17, 2018, the trial court issued an order denying Berryman's petition.[2]  Berryman filed a motion to

---

[1] Ind. Code § 35-42-1-1.

[2] We commend the trial court for crafting a thorough and conscientious order.

correct error on August 8, 2018.  Pursuant to Trial Rule 53.3, the motion was deemed denied on September 24, 2018.

# Discussion and Decision

[4]     Indiana Code section 35-38-9-1 allows an individual arrested for a crime, but not convicted, to seek expungement of the records related to the arrest and charge.  The statute applies "to a person who has been arrested, charged with an offense, or alleged to be a delinquent child, if: (1) the arrest, criminal charge, or juvenile delinquency allegation: (A) did not result in a *convictio*n or juvenile adjudication."  Ind. Code § 35-38-9-1(a) (emphasis added).  If the petitioner satisfies the conditions listed in the statute and does not have any pending criminal charges, the court "shall grant the petition."  Ind. Code § 35-38-9-1(e).  Berryman argues his NRRI judgment is not a "conviction" because it does not result in criminal punishment and, therefore, the plain language of Indiana Code section 35-38-9-1 requires the court to grant his petition.

[5]     While the question Berryman presents about Indiana Code section 35-38-9-1 is one of first-impression in Indiana, our standard for reviewing this class of questions is well settled.  "Statutory interpretation is a question of law reserved for the court and is reviewed *de novo*.  *De novo* review allows us to decide an issue without affording any deference to the trial court's decision."  *Shaffer v. State*, 795 N.E.2d 1072, 1076 (Ind. Ct. App. 2003) (internal citation omitted).  Consequently, "the express language of the statute and the rules of statutory interpretation apply.  We will examine the statute as a whole, and [we] avoid

excessive reliance on a strict literal meaning or the selective reading of words."
*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008) (internal citation omitted), *trans. denied*. If the statute's language is clear and unambiguous, we apply the clear language of the statute. *Id.*

[6] At issue is the meaning of the term "conviction" in Indiana Code section 35-38-9-1 and, as former Chief Justice Shepard explained, "[t]he word 'conviction' is not a term of art, and its multiple definitions create some confusion." *Carter v. State*, 750 N.E.2d 778, 779 (Ind. 2001) (holding, in the double jeopardy context, a conviction is a court judgment, not a jury verdict). Unfortunately, the legislature did not define "conviction" in Indiana Code section 35-38-9-1 or elsewhere in Title 35 of the Indiana Code. When the legislature has not provided the meaning of a term in a statute, we may consult English dictionaries to determine a word's plain and ordinary meaning. *Naugle v. Beech Grove City Schools*, 864 N.E.2d 1058, 1068 (Ind. 2007).

[7] Black's Law Dictionary defines "conviction" as: "**1.** The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. **2.** The judgment (as by a jury verdict) that a person is guilty of a crime." *Conviction*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphases in original). Webster's Dictionary defines "conviction" as "the act of proving, finding, or adjudging a person guilty of an offense or crime." *Conviction*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED (1st ed. 1976); *see also Conviction*, MERRIAM-WEBSTER ONLINE DICTIONARY (available at https://www.merriam-

webster.com/dictionary/conviction) ("the act or process of finding a person guilty of a crime especially in a court of law") (last visited May 17, 2019). Thus, in common vernacular, "conviction" is used to mean either a finding of guilt of a crime or a court judgment that leads to criminal punishment.

[8] Where, as here, there is more than one reasonable interpretation of a term in a statute, we must construe the statute to give effect to the General Assembly's intent. *See Nash*, 881 N.E.2d at 1063. We presume the legislature intends for "the language used in the statute to be applied logically and not to bring about an absurd or unjust result." *Id*. Therefore, "we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction." *Id*.

[9] Applying these principles of statutory construction, we must conclude the legislature intended "conviction" as used in Indiana Code section 35-38-9-1 to encompass a NRRI judgment because to hold otherwise would be absurd and unjust, which could not have been the legislature's intent. As we have previously observed, the intent of Indiana Code section 35-38-9-1 is to allow an individual who satisfies certain criteria to escape the stigma associated with an overturned conviction or an arrest that does not result in a conviction. *B.S. v. State*, 95 N.E.3d 177, 180 (Ind. Ct. App. 2018). *See also Commonwealth v. W.P.*, 612 A.2d 438, 441 (Pa. Super. Ct. 1992) (observing "we may not merely close our eyes to the whole thrust of the expungement process, i.e., to exculpate an innocent individual from the jaws of unwarranted punishment which manifests itself and flows from the retention of one's arrest record").

[10] Other states have interpreted their expungement statutes to not extend to NRRI or similar judgments because those defendants are institutionalized in mental health facilities after committing the criminal acts for which they are found not responsible due to insanity. For example, in *Commonwealth v. B.C.*, Pennsylvania authorities arrested B.C. and charged him with aggravated assault, simple assault, and recklessly endangering another person. 936 A.2d 1070, 1071 (Pa. Super. Ct. 2007). He was found not guilty by reason of insanity. *Id.* He petitioned for expungement, the trial court denied his petition, and the Pennsylvania Superior Court affirmed. *Id.* at 1072. The Superior Court observed that an acquitted defendant is vindicated and free to walk out of the courtroom. *Id.* at 1073. However, a defendant found not guilty by reason of insanity is confined to a mental institution until the defendant regains sanity and no longer poses a danger to himself or others. *Id.* at 1074.

[11] Similarly, in *Eastlack v. Commonwealth*, Virginia charged Eastlack with malicious wounding and the trial court found him to be not guilty by reason of insanity. 282 Va. 120, 122-23 (2011). He subsequently petitioned to have the police and court records related to his criminal case expunged. *Id.* at 123. The Virginia Supreme Court noted certain restrictions placed on people found not guilty by reason of insanity, such as they cannot possess or purchase firearms. *Id.* at 125. Further, under Virginia's statutory scheme, a "person found not guilty by reason of insanity could, immediately after the entry of judgment, seek expungement and, if successful, avoid all the constraints upon his liberty imposed by the 'not guilty by reason of insanity' laws." *Id.* Consequently, the

court held individuals found not guilty by reason of insanity were not eligible to have their police and court records expunged. *Id.* at 126.

[12] Likewise, the New Hampshire Supreme Court held an individual found not guilty by reason of insanity was not entitled to have his record annulled. *State v. Bulcroft*, 166 N.H. 612, 617 (2014). In so holding, the court noted that if it were to rule in Bulcroft's favor and allow him to annul the record immediately after the verdict, it would effectively "nullify a process established to protect society from those individuals whose release would create a substantial risk of injury to others." *Id.* at 615.

[13] These policy concerns apply equally in Indiana, and we find them persuasive. A NRRI verdict is not equivalent to a "not guilty" verdict. If the State fails to prove each element of the criminal offense beyond a reasonable doubt, then the jury must render a verdict of not guilty. Ind. Code § 35-41-4-1(a). A NRRI verdict signifies that the defendant committed the criminal act, but the defendant is not legally responsible because "as a result of mental disease or defect, [the defendant] was unable to appreciate the wrongfulness of the conduct at the time of the offense." Ind. Code § 35-41-3-6. If Berryman's expungement petition were granted, the record of his heinous crime would be sealed and unavailable to the public. The legislature could not have intended such a result.

[14] People have a right to know if their neighbors have committed violent acts and to use this knowledge to ensure their own safety. *See Wallace v. State*, 905

N.E.2d 371, 383 (Ind. 2009) (noting "registration systems are a legitimate way to protect the public from sex offenders"), *reh'g denied*. Murder is a serious crime, and a murder conviction is one of the few convictions that can never be expunged. *See* Ind. Code § 35-38-9-5(b) & Ind. Code § 35-38-9-4 (stating those convicted of a homicide offense are not eligible to have convictions expunged). Berryman remained in state custody after the NRRI verdict because he remained a threat to public safety.

[15]     Additionally, if we were to accept Berryman's interpretation of the statute, an individual found NRRI could petition for expungement much earlier than a person convicted of a crime. Indiana Code section 35-38-9-1 provides an individual is eligible to petition for expungement "[n]ot earlier than one (1) year after the date of arrest, criminal charge, or juvenile delinquency allegation (whichever is later), if the person was not convicted or adjudicated a delinquent child, or the date of the opinion vacating the conviction or adjudication becomes final." In comparison, individuals convicted of crimes eligible for expungement must wait 5 years to have the conviction expunged if it was a misdemeanor, eight years if the conviction was a felony, and ten years if the conviction was a felony resulting in serious bodily injury or committed by an elected official or candidate for public office. *See* Ind. Code §§ 35-38-9-2 to 35-38-9-5. Even if found NRRI, an individual can still pose a danger to society, and perhaps this is why individuals found NRRI are excluded from the definition of "proper person" for purposes of Indiana's firearm statutes. Ind. Code. § 35-47-1-7.

At the hearing, Berryman argued he has trouble obtaining housing and employment because of the record of his charge. This is like B.C.'s argument that his arrest and his subsequent not guilty by reason of insanity verdict interfered with his ability to obtain better employment. *B.C.*, 936 A.2d at 1072. However, like the Superior Court of Pennsylvania, we are not persuaded that permitting Berryman to expunge his record is in the best interest of public safety. Consequently, we construe the term "conviction" to include a NRRI verdict for purposes of Indiana Code section 35-38-9-1. *See Nash*, 881 N.E.2d at 1062-64 (holding statutory definition of corrections officer included a nurse who worked in a prison but was employed by a staffing agency rather than the department of correction).

# Conclusion

In solidarity with our sister states, we hold that an individual adjudicated NRRI may not have that finding expunged pursuant to Indiana Code section 35-38-9-1. To hold otherwise would be contrary to public policy, absurd, and unjust, which our legislature could not have intended. Accordingly, the trial court is affirmed.

Affirmed.

Mathias, J., and Brown, J., concur.