SUPERIOR COURT 
 
 COMMONWEALTH vs. TIMOTHY G. WELLS

 
 Docket:
 1377CR01457
 
 
 Dates:
 August 25, 2023
 
 
 Present:
 Kathleen M. McCarthy-Neyman
 
 
 County:
 ESSEX
 

 
 Keywords:
 DECISION AND ORDER ON DEFENDANT'S PETITION TO SEAL
 
 

 BACKGROUND

On January 25, 2017, following a jury-waived trial, the judge (Feeley, J.), found the defendant, Mr. Timothy G. Wells ("Wells" or the "defendant") not guilty by reason of insanity ("NGI") on the following offenses: (I) Armed Assault with Intent to Murder; (2) Assault and Battery by Means of a Dangerous Weapon; (3) Assault with Intent to Murder; and (4) Assault and Battery by Means of a Dangerous Weapon ("the findings").[1] Wells has petitioned to seal the findings pursuant to G. L. c. 276, § l00C.

--------------------------------------------

[1] The court notes that Wells's record still  reflects  the  following  offenses:  (1) Trespassing,  Salem  District  Court, Docket No. 1336CR 2943, Dismissed on February  14, 2014; (2) Knowingly  Receiving  Stolen  Property,  Woburn District Court, Docket No . 0953CR 1790, Dismissed on February 5, 20 IO after restitution payment; (3) Breaking and 1 Entering in the Night Time with Intent to Commit a Felony (Vehicle/Boat), Woburn District Court, Docket No. 0953CRl222A, Dismissed on February 5, 2010; (4) Larceny Less, Woburn District Court, Docket No. 0953CR1222B, Dismissed on February 5, 2010; (5) Knowingly Receiving Stolen Property, Woburn District Court, Docket No. 0953CR597, Dismissed on February 5,2010. Wells did not move to seal these offenses.

-1-

On August 1, 2023, the court conducted a hearing on Wells's Petition to Seal Records (the "Petition").   During the hearing, Wells primarily  argued that,  upon  his release  from  confinement  in  2017,  he could  not secure  employment  at a nursing home. Wells maintains that the reason he was not offered employment at a nursing / home was because of the cases that relate to the findings. The court finds that Wells has been employed by Whole Foods since April, 2022, suffers from schizophrenia, and currently takes medication for that condition.

For the reasons stated below, Wells's Petition will be DENIED.

RULINGS OF LAW

General Laws c. 276, § 100C states, in relevant part:

In any criminal case wherein the defendant has been found not guilty by the court or jury ... the commissioner of probation shall seal said court appearance and disposition recorded in his files and the clerk and the probation officers of the courts in which the proceedings occurred or were
initiated  shall  likewise  seal  the  records  of the proceedings  in their files . . .

In  any criminal case wherein a nolle prosequi  has been entered, or a dismissal has been entered by the court, and it appears to the court that substantial justice would best be served,  the court shall  direct  the clerk  to seal the records of  the proceedings  in his files. The clerk shall  forthwith notify the commissioner of probation  and the probation  officer  of the courts in which the proceedings occurred or were initiated who shall likewise seal· I the records of the proceedings in their files.
     
In Commonwealth v. J.F., 491 Mass. 824, 831 (2023), the Supreme Judicial ; Court (SJC) held that sealing records  under  G. L. c. 276,.  §  1 00C  is mandatory  after    a defendant was found not guilty, a grand jury failed to indict, or the court made a

-2-

finding of no probable cause, and no longer requires the defendant to file a petition to request  sealing  or  a judicial  determination  that sealing  is appropriate. The question raised in this case is whether a not guilty verdict ("NG") and NGI are equivalent for the purposes of G. L. c. 276, § l00C. The court concludes that they are not.

General Laws c. 276, § l00C is silent on the treatment of NGI's. A review of the General Laws suggests that the Legislature has historically distinguished a finding of NG from a finding of NGI. For example, the CORI statute allows members of the public, upon written request, to obtain felony convictions or findings of NGI for two years following the disposition thereof, including any period of incarceration or custody. G. L. c. 6, § l 72(a)(4)(iii). Additionally, G. L. c. 6, § l 72(a)(3)(I), treats felony convictions and NGI findings as equivalents for the purposes of requestors who seek a criminal offender record for prospective employees, volunteers, interns, rental or lease applicants, and occupational license applicants.

Below is a sampling of other areas of the General Laws in which the Legislature has either distinguished an NG finding from an NGI finding or specified one and excluded the other:

• G. L. c. 33A, art. 50A(d) (in court-martial proceedings, disposition options are "guilty," "not guilty," or "not guilty only by reason of lack of mental responsibility"), accord G. L. c. 33A, art. 76B(b);

• G. L. c. 94C, § 44 ("If any person is found not guilty of [unlawful possession of particular controlled substances], the court shall order all

-3-

official records relating to his arrest, indictment, conviction, continuance or discharge to be sealed");

• G. L. c. 123, § 16(a) ("The court having jurisdiction over the criminal proceedings  may order that a person  who has been  found ... not guilty by reason of mental illness or mental defect in such proceedings be hospitalized . . .")and

• G. L. c. 258D, § l(B)(ii) (eligibility for relief from erroneous conviction where, e.g., "a new trial was ordered [and] the individual was found not guilty at the new trial")

Such treatment supports the conclusion that NG and NGI findings are not equivalents.

In Commonwealth v. Bruneau, the SJC highlighted a notable difference between the two verdicts and stated:

Although a finding of not guilty by reason  of mental  illness  is an acquittal,  in the sense that  it absolves  a defendant  of criminal  responsibility, it is unlike an acquittal  because  it includes a finding that the defendant  committed the criminal act. Compare Jones v. United States, 463 U.S. 354,363 (1983)  ("A verdict of not guilty  by  reason  of  insanity  establishes  two  facts:  [I]  the defendant committed an act that constitutes a criminal offense, and [ii] he committed the act because of mental illness"),  with United  States  v. Martin Linen Supply Co., 430 U.S. 564, 579 (1977) (Stevens, J., concurring in the I judgment) ("true acquittal is based upon the insufficiency of the evidence to I prove an element of the offense"  [quotation  and  citation  omitted]).  If a jury  I has a reasonable doubt whether a defendant committed each of the required elements  of the crime, it must find the defendant  not guilty;  if there  is a reasonable  doubt  about the defendant's  criminal  responsibility at the time of the crime,  then the jury must find the defendant  not guilty  by reason of mental illness. See Instruction 9.200 of the Criminal Model Jury Instruction for Use in the District Court (2009).

472 Mass. 510, 517 (2015). The SJC also noted that a defendant who is found NGI faces "harsh consequences because the defendant is eligible for civil commitment

-4-

under strict security, where he :would be confined for an indefinite period of time." Id. at 517-518.

Cases  from other jurisdictions, analyzing  statutes  and common law similar to General Laws c. 276, § 100C, have concluded that an NGI finding is not the same as an NG finding because: (1) an NGI disposition does not equate to innocence ( consistent with the SJC's  ruling in Bruneau); (2) an NGI disposition can result in, curtailment of a defendant's liberty (akin to our civil commitment process, under c. 123, § 16); and  (3)   there  are  public-safety  reasons  for  keeping  an NGI disposition a matter of public record (consistent with our CORI statute). See, e.g., Berryman  v. Indiana, 127 N.E.3d 1246, 1247-1250 (2019); New Hampshire v. Bulcroft, 101 A.3d 1065, 1065-1069 (2014); Eastlack v. Virginia, 710 S.E.2d 723, 724-726 (2011); Pennsylvania v. B.C., 936 A.2d 1070, 1071-1074 (2007).

For all of the above-stated reasons, the court finds that the first paragraph of G. L. c. 276, § l00C does not require the sealing of Wells's NGI findings.  And,  because an NGI finding is also not a nolle prosequi  or a dismissal  entered by a court, the second paragraph of G. L. c. 276, § l00C is also inapplicable. [2] The court notes that Wells is not necessarily without a remedy. See G.L. c. 276, § l00A.

--------------------------------------------

[2] The court declines to apply the "good cause" balancing test adopted by the SJC in Commonwealth v. Pon, 469 Mass. 296, 316-319 (2014), because an NG I finding is not the equivalent of a nolie prosequi or dismissal.

-5-

ORDER

For all of the above-stated reasons, Wells's Petition is DENIED.

/s/Kathleen M. McCarthy-Neyman
Justice of the Superior Court

August 25, 2023