COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys,* Huff and Athey
Argued at Virginia Beach, Virginia

UNPUBLISHED

RICHARD LONNY CARMACK, JR.

                                           MEMORANDUM OPINION** BY
v.          Record No. 0048-23-1              JUDGE GLEN A. HUFF
                                            MARCH 5, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
W. Richard Savage, III, Judge Designate

(Sean P. Domer; Bush & Taylor, P.C., on brief), for appellant.
Appellant submitting on brief.

William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for the Commonwealth.


      Richard Carmack ("appellant") was convicted by the Southampton County Circuit Court

(the "trial court") of soliciting child pornography, in violation of Code § 18.2-374.1.  Appellant

contends the special venue provision of Code § 18.2-374.1(E) did not allow the trial court to hear

his case because the unlawful act—soliciting photographs from a minor—occurred at appellant's

home in Suffolk, not in the City of Franklin where the minor received the message.  Because the

language of Code § 18.2-374.1 encompasses both the sending and receiving aspects of solicitation,

this Court affirms the trial court's denial of appellant's motion to strike for lack of venue.

---

* Judge Humphreys participated in the hearing and decision of this case prior to the
effective date of his retirement on December 31, 2023.

** This opinion is not designated for publication.  See Code § 17.1-413(A).

In 2020, appellant lived in Suffolk, Virginia, with a roommate, Lorie Walters. Walters had a then 11-year-old granddaughter—E.C.—who periodically visited Walters at the Suffolk apartment.[2] E.C. first came into contact with appellant during such visits. On May 23, 2020, while inside the Suffolk apartment, appellant messaged E.C. on Facebook saying, "I want to see a picture of you now. With or without clothes! Take your pick. You are grown and can make up your own mind I think." E.C. received this message while at her stepmother's home in Franklin, Virginia, and immediately showed it to her stepmother.[3] E.C.'s father—Walters's son—showed the message to Walters and later confronted appellant, who admitted he sent the message.

A Southampton County grand jury indicted appellant on one count of solicitation of child pornography in violation of Code § 18.2-374.1.[4] Appellant pleaded not guilty and waived his right to jury trial. Following the Commonwealth's case-in-chief, appellant moved to strike on the basis that Code § 18.2-374.1(E) provides venue only "where the unlawful act occurs, [or] where the alleged offender resides." Appellant argued that the trial court lacked venue because

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, this Court discards any of appellant's conflicting evidence, and regards as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *See Gerald*, 295 Va. at 473.

[2] This Court refers to the minor child involved here by her initials to protect her privacy.

[3] Franklin, Virginia, is an independent city that is part of the 5th Judicial Circuit of Virginia, also known as the Southampton County Circuit Court. *Courts in Circuit and District 5*, https://www.vacourts.gov/courts/maps/circuit5.html. At trial, appellant conceded that Franklin is subject to the Southampton County Circuit Court's jurisdiction.

[4] Appellant was also indicted for, and subsequently convicted of, indecent liberties with a child in violation of Code § 18.2-370. Appellant does not challenge this conviction.

he lived in Suffolk and the evidence did not prove he committed the criminal act within the bounds of the trial court's jurisdiction. The trial court overruled the motion to strike. Appellant presented evidence and renewed his motion to strike on the basis of improper venue. The trial court again overruled the motion and found appellant guilty. Appellant was sentenced to ten years' incarceration, with five years suspended.

This appeal followed.

ANALYSIS

Appellant contends the trial court erred in denying his motion to strike for lack of venue. According to appellant's interpretation of Code § 18.2-374.1(E), the trial court was an improper venue because he does not live within its jurisdiction and the unlawful act did not occur there. This argument presents an issue of first impression as to the construction and application of Code § 18.2-374.1(E)'s special venue provision. For the following reasons, this Court rejects appellant's interpretation and finds that the trial court had proper venue under the special venue provision.

"Questions of statutory interpretation . . . are subject to *de novo* review on appeal, and we owe no deference to the circuit court's interpretation of the statutory scheme." *Esposito v. Va. State Police*, 74 Va. App. 130, 133 (2022). The duty of the courts is "to construe the law as it is written." *Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake*, 218 Va. 696, 702 (1978). "When construing a statute, our primary objective 'is to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Va. Elec. & Power Co. v. State Corp. Comm'n*, 295 Va. 256, 262-63 (2018) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). "We must determine the legislative intent by what the statute says and not by what we think it should have said." *Miller & Rhoads Bldg., L.L.C. v. City of Richmond*, 292 Va. 537, 541-42 (2016) (quoting *Carter v. Nelms*, 204 Va. 338, 346 (1963)).

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007) (citations omitted).

> Courts cannot add language to the statute the General Assembly has not seen fit to include. Nor are they permitted to accomplish the same result by judicial interpretation. Where the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning.

*Jackson v. Fid. & Deposit Co.*, 269 Va. 303, 313 (2005) (internal quotation marks and citations omitted).

"In a criminal prosecution, it is the Commonwealth's burden to establish venue." *Bonner v. Commonwealth*, 62 Va. App. 206, 211 (2010) (en banc). "As venue is not a substantive element of a crime, the Commonwealth is not required to 'prove where the crime occurred beyond a reasonable doubt.'" *McGuire v. Commonwealth*, 68 Va. App. 736, 741 (2013) (quoting *Bonner*, 62 Va. App. at 210). "In order to establish venue, the Commonwealth must 'produce evidence sufficient to give rise to a strong presumption that the offense was committed within the jurisdiction of the court.'" *Id.* (quoting *Bonner*, 62 Va. App. at 211). "Venue for a prosecution under [Code § 18.2-374.1] may lie in the jurisdiction where the unlawful act occurs, where the alleged offender resides, or where [the child pornography] is produced, reproduced, found, stored, or possessed." Code § 18.2-374.1(E). It is undisputed that appellant does not reside within the trial court's jurisdiction and that no child pornography was ever produced, reproduced, found, stored, or possessed. Therefore, whether the trial court had venue depends entirely on the meaning of the phrase "where the unlawful act occurs."

Code § 18.2-374.1 criminalizes "[a]ccost[ing], entic[ing] or solicit[ing] a person less than 18 years of age with intent to induce or force such person to perform in or be a subject of child pornography." Code § 18.2-374.1(B)(1). "Accost" means "[t]o assail or attack, especially by

- 4 -

words." *Accost*, *Black's Law Dictionary* (11th ed. 2019). "Entice" means "[t]o lure or induce; especially, to wrongfully solicit (a person) to do something." *Entice*, *Black's Law Dictionary* (11th ed. 2019). "Solicitation"—verb "solicit"—means "[t]he act or an instance of requesting or seeking to obtain something; a request or petition." *Solicitation*, *Black's Law Dictionary* (11th ed. 2019). These definitions easily encompass the sending of the message, be it to assail, attack, lure, induce, request, or seek. Therefore, the "unlawful act," for purposes of Code § 18.2-374.1(E), occurs in whichever jurisdiction from which the message was sent. But the analysis cannot stop there. This code section criminalizes "[a]ccost[ing], entic[ing] or solicit[ing] *a person less than 18 years of age . . . .*" Code § 18.2-374.1(B)(1) (emphasis added). The inclusion of a specific target—the person less than 18 years of age—implies that the receipt of the message is also part of the unlawful act. If the specific target provision is read out of the statute, the unlawful act becomes "[a]ccost[ing], entic[ing] or solicit[ing] . . . with intent to induce or force *such person* to perform in or be a subject of child pornography." *Id.* (emphasis added). The inclusion of a general target—"such person"—further contemplates someone receiving the message.

To adopt appellant's construction would remove significant language from the statute; something this Court cannot do.[5] *See Jackson*, 269 Va. at 313 ("it is not the province of the judiciary to add words to the statute or alter its plain meaning"). Accordingly, this Court holds

---

[5] In addition to removing significant language from the statute, this would also render an absurd result because it is unclear who the victim of the crime is or how the criminal act could be identified. "[S]tatutes are to be construed so as to avoid an absurd result." *Eastlack v. Commonwealth*, 282 Va. 120, 126 (2011).

that the unlawful act of accosting, enticing, or soliciting a minor to produce child pornography occurs not only wherever the message is sent but also wherever it is received.[6]

This result is not only constituent with the plain language of the statute, but also with venue in general. "[V]enue for a criminal prosecution will generally be proper wherever any element of the offense occurs." *Bonner*, 62 Va. App. at 211. "When individual elements of a crime occur in different locations, venue may be proper in more than one jurisdiction." *McGuire*, 68 Va. App. at 741-42; *see also Bonner*, 62 Va. App. at 212; *Kelso v. Commonwealth*, 282 Va. 132, 139 (2011). Here, as discussed above, the unlawful act includes both the sending and receipt of the message. Because the unlawful act can occur in multiple jurisdictions venue necessarily can be proper in multiple jurisdictions.

It is undisputed that appellant was in Suffolk, where he resided, when he sent his solicitation to E.C. and that E.C. was in the City of Franklin when she received it. Accordingly, venue was proper under Code § 18.2-374.1(E) in two places: (1) the City of Franklin and (2) Suffolk. At trial, the Commonwealth presented evidence to show E.C. was in the City of Franklin when she received appellant's message. Accordingly, the trial court did not err in denying appellant's motion to strike for lack of venue.

## CONCLUSION

For the foregoing reasons, this Court affirms the judgment of the trial court.

*Affirmed.*

---

[6] Interestingly, the plain language of Code § 18.2-374.1(B)(1) does not consider the mechanism through which the target is accosted, enticed, or solicited. Rather, it is the transmission of the message from the sender and the receipt by the target that constitutes the unlawful act—whether through an in-person verbal communication or through a social media platform. This further supports the conclusion that the receipt by the target is part of the unlawful act because the transmission of the message is the criminal conduct not merely sending it or sending it via a particular medium.